535 So.2d 667 (1988)
Morris E. EVERETT, Jr., Appellant,
v.
STATE of Florida, Appellee.
Nos. 86-2692, 86-2693.
District Court of Appeal of Florida, Second District.
December 21, 1988.
*668 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
In Case No. 86-2692 Everett pleaded nolo contendere to the crime of first degree murder, reserving the right to appeal the denial of his motion to suppress a confession to the charged crime.
Our first concern is jurisdictional. In State v. Ashby, 245 So.2d 225 (Fla. 1971), our supreme court sanctioned the practice of allowing defendants to plead nolo contendere with reservation of the right to seek review of a question of law. Subsequently, in Brown v. State, 376 So.2d 382 (Fla. 1979), the supreme court engrafted upon the Ashby doctrine the requirement that the reserved legal issue must control final disposition of the case. In commenting upon those matters which might be determinative in implementing the Ashby principle, the supreme court expressly isolated the confession as a ground that could not, as a matter of law, provide the element essential to ultimate resolution of the proceeding. Id. at p. 385. However harsh Everett may perceive the effect of Brown to be, Brown is well embedded in Florida's jurisprudence  "We ... reiterate our holding in Brown: an issue is preserved for appeal on a nolo plea only if it is dispositive of the case." State v. Carr, 438 So.2d 826 (Fla. 1983). Thus, in the light of Brown and consistent with our decisions in Hardison v. State, 385 So.2d 738 (Fla. 2d DCA 1980), and Arnold v. State, 379 So.2d 1003 (Fla. 2d DCA 1980), we would be warranted in dismissing the instant appeals. We have determined not to follow that course, however, because the record of the plea hearing is "murky" and suggests that the trial court's comments gave tacit approval to the appealability of the reserved questions. Spiker v. State, 477 So.2d 1063 (Fla. 2d DCA 1985) (confession reviewed notwithstanding an unclear record as to the appealability *669 of the order denying the motion to suppress); see also Jackson v. State, 382 So.2d 749 (Fla. 1st DCA 1980), affirmed, 392 So.2d 1324 (Fla. 1981) (Brown does not foreclose a stipulation that question associated with confession can be dispositive); but see Weber v. State, 492 So.2d 1166 (Fla. 4th DCA 1986) (in absence of stipulation that issue would be dispositive, appellate court will not imply dispositiveness from trial court's statement that issue was reserved for appeal).
Before turning to the two issues we have concluded to review, however, we find it appropriate to emphasize that when a trial court receives a plea subject to the requirements of rule 3.172 of the Florida Rules of Criminal Procedure and the defendant reserves a question of law for appeal, the trial court is obligated to determine the dispositive nature of the reserved question. See Leisure v. State, 429 So.2d 434 (Fla. 1st DCA 1983). A trial court, as occurred here, errs if it merely acknowledges that the defendant has reserved an issue for appellate review. There are at least two cogent reasons for imposing an obligation upon the trial court to assess and determine whether the reserved question of law will control the outcome of the case. First it enhances the likelihood that a meritless appeal will not be pursued, and second, it pretermits the potentially misleading formation of a belief in the defendant that relief from the judgment and sentence can be achieved in the appellate court. Moreover, and as a corollary to the foregoing, it would insure a timely opportunity for the defendant to evaluate withdrawal from the plea agreement. Indeed, it appears from the present record that had the trial court and Everett's counsel been aware of the Brown impediment to reserving for appeal the propriety of the refusal to suppress Everett's confession, and made such fact known to him, he may have withdrawn his nolo plea, an effort he undertook at a time when the trial court's jurisdiction had terminated by reason of the filing of the notice of appeal in the present matter.
The trial court's order denying the suppression of Everett's confession is without error. It is evident from the record that suppression was properly rejected. Our review of the events prior to and following Everett's arrest discloses no conduct on the part of the arresting officers offensive to his right to silence or to an attorney.
Finally, Everett's appeal from the order denying his motion to dismiss the information in Case No. 86-2693 is subject to the comments expressed above. He was charged with armed robbery. He filed a motion to dismiss asserting the state's failure to produce its principal witness for the taking of her deposition. The motion was granted, but the armed robbery charge was refiled. He challenged the refiled information contending that it violated the constitutional prohibition against double jeopardy. The motion was properly denied; double jeopardy does not attach until the jury is sworn. Taylor v. State, 503 So.2d 991 (Fla. 5th DCA 1987).
In spite of the procedural deficiency which occurred in the trial court, we affirm the orders denying Everett's motion to suppress and the motion to dismiss the second information.
RYDER, A.C.J., and LEHAN, J., concur.