ON MOTION TO DISMISS
The state has filed a motion to dismiss the present appeal because the appellant pleaded nolo contendere to the offenses without reserving the right to appeal a dispositive issue. See Brown v. State, 376 So.2d 382 (Fla.1979). The record reveals that appellant pleaded and reserved the right to appeal the denial of a motion to suppress, but the trial court failed to determine whether the motion to suppress was dispositive. It appears that the trial court’s omission was partially induced by the appellant’s indecision on whether to plead to the charges or opt for a bench trial. Nevertheless, the trial court is obligated to determine whether the issue reserved for appeal is dispositive. Everett v. State, 535 So.2d 667 (Fla. 2d DCA 1988).
Consistent with the principles emphasized in Everett, we deny the motion to dismiss and relinquish jurisdiction to the trial court for thirty days to determine whether the motion to suppress, reserved for appeal, is dispositive of appellant’s case. Appellant shall immediately notify this court of the disposition by filing either a transcript of any proceedings or a certified order.