ERVIN, Judge.
In this criminal appeal from certain convictions entered following appellant’s plea of nolo contendere to the offenses of first-degree murder, manslaughter by killing an unborn quick child, kidnapping, sexual battery, and strong-arm robbery, appellant contends the trial court erred in denying his motions to dismiss and for continuance of a hearing scheduled as to a previously filed motion to suppress.[1] We affirm.
Appellant’s motion to dismiss, which was made pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), was properly denied because the state responded with a traverse in which it specifically denied appellant’s material factual allegation that the child was not “quick” and asserted in the traverse a statement of a physician declaring an opinion contrary to the allegation. See Fla.R.Crim.P. 3.190(d); State v. Huggins, 368 So.2d 119 (Fla. 1st DCA 1979); State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981).
As for appellant’s second point regarding the trial court’s denial of his motion for continuance of the suppression hearing, appellant did not reserve his right to appeal the denial of his motion for continuance upon entering his nolo conten-dere plea, rather he reserved his right to appeal the denial of his motion to suppress. Cf. State v. Ashby, 245 So.2d 225, 228 (Fla.1971) (defendant may plead nolo and reserve right to seek review of question of law). Moreover, the denial of the motion for continuance was not dispositive of the case.[2] See Brown v. State, 376 So.2d 382, 384 (Fla.1979) (reserved legal issue must be dispositive of the case). Even if we were to consider the merits of the issue, as was done in Everett v. State, 535 So.2d 667 (Fla.2d DCA 1988), we find no abuse of discretion on the part of the trial judge in denying the motion.
AFFIRMED.
KAHN and WEBSTER, JJ., concur.

. Appellant had entered his pleas with the specific reservation of his right to appeal the denial of certain motions.

. We remind trial courts of their duty to determine whether reserved issues are dispositive. Leisure v. State, 429 So.2d 434 (Fla. 1st DCA 1983); Everett v. State, 535 So.2d 667 (Fla.2d DCA 1988).