752 So.2d 79 (2000)
Tomas BLANCO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-4815.
District Court of Appeal of Florida, Second District.
February 18, 2000.
*80 James J. Zonas, Naples, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer R. Haymes, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Acting Chief Judge.
Tomas Blanco pleaded nolo contendere to criminal charges while reserving his right to pursue this appeal of the circuit court's refusal to suppress his confession. We dismiss the appeal because the issue Blanco raises would not be dispositive of his case.
A defendant may appeal a conviction based on a nolo contendere plea only if he expressly reserves the right to appeal a prior dispositive order of the lower court, identifying with particularity the point of law being reserved. See § 924.06(3), Fla. Stat. (1997); Fla. R.App. P. 9.140(b)(2)(A); Brown v. State, 376 So.2d 382 (Fla.1979); Gray v. State, 381 So.2d 302 (Fla. 2d DCA 1980). Blanco's plea agreement reserved his right to appeal the denial of his motion to suppress his confession, but it also expressly noted that the State did not agree that the ruling was dispositive of the case. During the plea colloquy, the court advised Blanco that his reservation of the right to appeal the ruling was subject to the State's contention that it was not dispositive.
We note that the circuit court properly should have made a determination as to the dispositiveness of the reserved issue at the time it accepted the plea. See Everett v. State, 535 So.2d 667 (Fla. 2d DCA 1988). Indeed, as a matter of law, the issue of whether a confession should be suppressed is not dispositive for these purposes. See Brown; Everett. There is an exception where the State stipulates that it could not proceed with the prosecution of the case without the benefit of the confession, see Finney v. State, 420 So.2d 639 (Fla. 3d DCA 1982); Jackson v. State, 382 So.2d 749 (Fla. 1st DCA 1980), a circumstance that appeared to us to be precluded by the State's express position in the plea agreement.
Nevertheless, because the parties did not brief this issue, in an abundance of caution we temporarily relinquished jurisdiction to the circuit court to determine whether the suppression of Blanco's confession would be dispositive of his case. We have been notified of the court's determination that the issue would not be dispositive. Moreover, unlike the situation in Everett, in which we proceeded to the merits of the case because the "murky" record *81 of the plea hearing suggested that the trial court's comments gave tacit approval to the appealability of the reserved issue, in this case the court made it clear that Blanco's right to appeal hinged on the dispositiveness question. Accordingly, we dismiss this appeal. See State v. Carr, 438 So.2d 826, 828 (Fla.1983) (dismissing appeal of nondispositive ruling without granting right to withdraw plea); Head v. State, 604 So.2d 881 (Fla. 2d DCA 1992).
Appeal dismissed.
STRINGER, J., and MENENDEZ, MANUEL, Jr., Associate Judge, Concur.