760 So.2d 988 (2000)
Robert McCRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3002.
District Court of Appeal of Florida, Second District.
June 9, 2000.
James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellee.
GREEN, Judge.
The defendant, Robert McCray, appeals the trial court's judgment and sentence adjudicating him guilty of burglary (count 1) and petit theft (count 2) and sentencing him as a habitual felony offender and prison releasee reoffender to fifteen years of imprisonment on count 1 and to time served on count 2. We reverse.
McCray contends that the trial court erred by admitting into evidence the following letter written by him and sent to the state attorney shortly before trial.
Yes! I would like to make a change of plea, I'll plea guilty to both counts, only *989 if you grant me a furlow [sic] to see my (mother) who is dieing [sic] of (bone cancer) before I am set [sic] to prison? I understand by this plea I am giving up all my right to a trial.... Please contact me as soon as possible.
A statement made in connection with a plea or an offer to plead is inadmissible at trial. See § 90.410, Fla. Stat. (1997); Fla. R.Crim. P. 3.172(h). In Russell v. State, 614 So.2d 605 (Fla. 1st DCA 1993), the First District held that even an unsolicited and self-initiated communication inviting the state attorney to accept a plea offer could not be used against the offering defendant pursuant to section 90.410 and Florida Rule of Criminal Procedure 3.172(h). The First District concluded that the defendant's offer to plead guilty in return for concessions fell under the rule prohibiting the admission of such statements and should have been excluded from evidence. See Russell, 614 So.2d at 612.
We find the rationale of Russell applicable to our case. McCray's letter was no more than an offer to negotiate a plea in return for concessions. Since we cannot conclude that the admission of this letter was harmless error, we reverse.
McCray also contends that a telephone call said to have been made by him to the alleged victim should not have been received in evidence and claims a discovery violation based upon the state's failure to timely notify his attorney of the call. The trial court refused to conduct a Richardson hearing regarding this discovery violation, which was in error. See Richardson v. State, 246 So.2d 771 (Fla.1971). However, since a reversal is required based on the admission of the plea offer letter, this point is rendered moot.
We therefore reverse and remand for further proceedings.
THREADGILL, A.C.J., and ALTENBERND, J., Concur.