789 So.2d 1061 (2001)
Glenn D. DEBIASIO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3920.
District Court of Appeal of Florida, Fourth District.
June 13, 2001.
*1062 Carey Haughwout, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melanie Ann Dale, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We reverse the judgment of conviction, on seven counts of burglary and two counts of grand theft, entered on Debiasio's plea of no contest.
Error occurred in the denial of Debiasio's pre-trial motion to preclude the state's use of a letter from Debiasio to the state attorney, which he claims was an offer of settlement. The letter states, in pertinent part:
As per my previous letter that I sent to your office, my clear intentions are outlined in that letter. Again, the reason for that letter was not to merely mask the seriousness of the offenses to which I am charged. It is an attempt to clear the air so to speak, of my ugly drug and alcohol addictions. My new found strenght [sic] orginates [sic] from God, and doing what is right, facing the truth and accepting responsibility for what I've done, was a giant step for me.
My intentions outlined in my previous letter to you are in order to preserve my well being, and that of my family. I wrote to you in confidence, with the hopes of arriving at some sort of resolution, without neglecting the facts of the seriousness of these offenses.

What I want to arrive at, as far as agreement, is that I completely cooperate with the State of Florida and its investigation of the previously named individuals, in return for a sentence that is to be served concurrently with the sentence I'm already serving in Ohio, and to protect myself while in the custody of Florida law enforcement officers, and protecting the name and location of my family.
(emphasis added).
Preliminarily, we reject the state's argument that the order was not dispositive and, therefore, not appealable after Debiasio's no contest plea. In Brown v. State, 376 So.2d 382 (Fla.1979), the supreme court addressed the question of whether the denial of a motion to suppress the defendant's confession would be considered dispositive for purposes of appeal after a no contest plea. See id. The court, recognizing that resolution of certain motions[1] are obviously dispositive, held, in the case of a confession, that without knowing the extent of the other evidence the state intended to produce, it was impossible *1063 to tell whether the decision would be dispositive. See id. Therefore, the court held that an order denying a motion to suppress a confession is not dispositive. See id. However, the court added,
Under this rule, the trial judge will have wide discretion to accept or reject an Ashby nolo plea based upon his perception of the dispositive nature [v]el non of the legal issue reserved for appeal. His decision will be overturned only upon a showing a clear abuse of discretion.
Id. at 385.
Later decisions have recognized that where the parties stipulate to the dispositive nature of an order denying suppression of a confession, an appeal after a no contest plea would not violate the principles enunciated in Brown. See, e.g., Weber v. State, 492 So.2d 1166 (Fla. 4th DCA 1986); Zeigler v. State, 471 So.2d 172 (Fla. 1st DCA 1985); Finney v. State, 420 So.2d 639 (Fla. 3d DCA 1982).
In this case, the prosecution clearly agreed that the motion in limine, regarding what amounted to a confession by Appellant, was dispositive of the case. Although this court is not bound by the state's stipulation,[2] having so stipulated, the state should not be permitted to assert the contrary on appeal.
As to the merits of Debiasio's appeal, section 90.410, Florida Statutes, provides:
Evidence of a plea of guilty, later withdrawn; a plea of nolo contendere; or an offer to plead guilty or nolo contendere to the crime charged or any other crime is inadmissible in any civil or criminal proceedings. Evidence of statements made in connection with any of the pleas or offers is inadmissible, except when such statements are offered in a prosecution under chapter 817.[3]
We conclude that the letter in this case was an offer to plead guilty and, therefore, falls squarely within the ambit of evidence prohibited by section 90.410. See Russell v. State, 614 So.2d 605 (Fla. 1st DCA 1993)(unsolicited letter to the prosecutor offering to plead guilty in exchange for certain concessions held inadmissible under section 90.410). See also McCray v. State, 760 So.2d 988 (Fla. 2d DCA 2000). Therefore, the judgment is reversed and the cause remanded for further proceedings.
FARMER and SHAHOOD, JJ., concur.
NOTES
[1] For example, one testing the constitutionality of the statute under which the defendant is charged, testing the sufficiency of the information, or seeking suppression of contraband. See Brown.
[2] See Morgan v. State, 486 So.2d 1356 (Fla. 1st DCA 1986).
[3] Chapter 817 delineates crimes involving fraudulent practices.