876 So.2d 607 (2004)
Myron FRANKLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-741.
District Court of Appeal of Florida, Fourth District.
June 16, 2004.
Rehearing Denied July 22, 2004.
*608 Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Sr. Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
After a jury trial, Myron Franklin was convicted of robbery with a firearm, aggravated fleeing and eluding, and grand theft of a motor vehicle.
Central to the convictions were two statements Franklin gave in the hospital. The Miranda[1] warnings given in this case were deficient in the same way that the warnings were deficient in Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004) and West v. State, 872 So.2d 614, 2004 WL 1335766 (Fla. 4th DCA June 16, 2004), also decided today.
At the suppression hearing, the defense offered ninety rights forms obtained from federal and state law enforcement agencies. Eighty-nine of the ninety forms properly indicated that the suspect could consult with a lawyer during questioning. Only the form utilized in this case omitted that portion of the Miranda warning.
As this court held in West and Roberts, United States Supreme Court cases have established that the omitted portion of the Miranda warning is crucial. For example, in Duckworth v. Eagan, 492 U.S. 195, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989), the Supreme Court specified that "[r]eviewing courts ... need not examine Miranda warnings as if construing a will or defining the terms of an easement." Id. at 203, 109 S.Ct. 2875. However, the Court noted: "Miranda does not require that attorneys be producible on call, but only that the suspect be informed... that he has a right to an attorney before and during questioning, and that an attorney would be appointed for him if he could not afford one." Id. at 204, 109 S.Ct. 2875 (emphasis added).
Furthermore, the error in this case was not harmless. Harmless error *609 exists where the state can prove beyond a reasonable doubt that the error did not contribute to the verdict. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986); Sims v. State, 839 So.2d 807, 811 (Fla. 4th DCA 2003). "Application of the test requires an examination of the entire record by the appellate court including a close examination of the permissible evidence on which the jury could have legitimately relied, and in addition an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict." DiGuilio, 491 So.2d at 1135.
Here, Franklin's two statements filled in gaps in the state's case. We cannot say beyond a reasonable doubt that they did not contribute to the verdict.
Reversed and remanded for a new trial.
GUNTHER, POLEN and GROSS, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).