PLEUS, J.
Lisa Wilson appeals her convictions and sentences for 58 separate crimes[1] and argues that the lower court erred in denying her motion to suppress her confession. Because we conclude the denial of her motion was not dispositive, we dismiss the appeal for lack of jurisdiction.
After the lower court denied Wilson’s motion to suppress, Wilson pled nolo *960 contendere to the charges. Florida Rule of Appellate Procedure 9.140(b)(2)(A)(i) states that a defendant may not appeal from a guilty or nolo contendere plea except that the defendant “may expressly reserve the right to appeal a prior disposi-tive order of the lower tribunal, identifying with particularity the point of law being reserved.” An order denying a motion to suppress a confession is not dispositive for purposes of this rule unless the parties so stipulate. Brown v. State, 376 So.2d 382 (Fla.1979); Debiasio v. State, 789 So.2d 1061 (Fla. 4th DCA 2001). The prosecutor never signed the plea form, nor did he ever stipulate that the order was disposi-tive. Just the opposite. When the judge asked the prosecutor to stipulate, he would not do so. The conversation that ensued demonstrates that the prosecutor, judge and even the defense attorney all concluded that the order was not dispositive. Therefore, we lack jurisdiction to address the merits of Wilson’s appeal.
APPEAL DISMISSED.
SAWAYA, C.J., and PETERSON, J., concur.

. These crimes include 30 counts of burglary of a dwelling, 13 counts of grand theft, 12 counts of petit theft, and one count each of burglary of a dwelling while armed, possession of methamphetamine and possession of paraphernalia.