917 So.2d 404 (2006)
Jonathan MAXWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-4177.
District Court of Appeal of Florida, Fifth District.
January 6, 2006.
*405 James M. Campbell, Orlando, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
The issue we must resolve is whether the trial court erred in failing to suppress two incriminating statements made by Jonathan Maxwell to the police. Resolution of this issue depends upon the adequacy of the Miranda[1] warnings given to Jonathan and whether he was in custody before he made the incriminating statements.
This case evolves from an occurrence that we see far too often, it seems, involving two teenage children who engage in sexual intercourse only to subsequently discover that one of them has committed a crime. The case we now review is especially tragic because both children are mentally challenged and did not know that their entanglement in the tender affairs of life was an illegal act for which Jonathan Maxwell, seventeen years of age, would be held criminally liable. The record reveals that when Jonathan was first confronted by the police, he did not even realize that he had done anything wrong and did not know why the police were questioning him. When Jonathan finally understood that the police were concerned about his sexual escapade with S.B., a female three years younger than he, Jonathan made two incriminating *406 statements. After he was charged with lewd and lascivious battery on a person between the ages of 12 and 16, Jonathan filed a motion to suppress the statements claiming that he was not properly advised of his Miranda rights. This motion was denied and Jonathan entered a plea of nolo contendere to the charge aforementioned, reserving his right to appeal the suppression issue based on a stipulation by the State that it is dispositive.
It is not necessary to discuss in detail the facts of this case. Suffice it to say that Jonathan was enticed into watching sexually explicit videos and engaging in sexual intercourse by S.B., a neighbor. The incident was discovered by S.B.'s mother, who reported it to the police. Thereafter, Jonathan made two incriminating statements: the first was made outside his home, and the second, a videotaped statement, was made at the police station. Prior to making the first statement, a police officer attempted to advise Jonathan of his Miranda rights from rote. It is uncontested that the officer failed to advise Jonathan that he had a right to have an attorney present during questioning and that an attorney would be appointed to represent him if he could not afford one. The police never again advised Jonathan of his Miranda rights. Although the officer described Jonathan as callow and a naïf, he did declare that he thought Jonathan understood the warnings.
Before we begin our analysis of the issue before us, we pause to note the decision in Brown v. State, 376 So.2d 382 (Fla.1979), wherein the court held that a confession may not be considered dispositive for purposes of an appeal after a nolo contendere plea. The court reasoned that adoption of this rule is appropriate based on the perceived need to avoid a mini-trial regarding the sufficiency of the evidence, which is generally required to determine whether suppression of a confession is dispositive. The court further explained, however, that "[u]nder this rule, the trial judge will have wide discretion to accept or reject [a] nolo plea based upon his perception of the dispositive nature vel non of the legal issue reserved for appeal." Id. at 385. Based upon this statement and because a stipulation eliminates the need for a mini-trial, the courts have held that the rule in Brown does not apply if the defendant and state agree that suppression of the confession is dispositive.[2] It is beyond *407 doubt that Jonathan and the State stipulated that the statements are dispositive, and the State candidly conceded at oral argument that it could not argue otherwise. We, therefore, perceive of no jurisdictional impediment to addressing the issues raised in this appeal, and we begin with the issue whether the Miranda warnings given Jonathan were adequate.
The manifest purpose of the Miranda warnings is to prevent the inherent pressures of custodial interrogation from impinging on the accused's constitutional right to be free from self incrimination. See Everett v. State, 893 So.2d 1278 (Fla.2004), cert. denied, ___ U.S. ___, 125 S.Ct. 1865, 161 L.Ed.2d 747 (2005). The adequacy of Miranda warnings is a question of law that we review de novo. Roberts v. State, 874 So.2d 1225, 1227 (Fla. 4th DCA 2004) ("We review de novo the adequacy of Miranda warnings, as a question of law.") (citing C.A.M. v. State, 819 So.2d 802, 804 (Fla. 4th DCA 2001)), review denied sub nom. State v. West, 892 So.2d 1014 (Fla.2005). In order to comply with the dictates of Miranda, the accused must be advised before custodial interrogation commences that: (1) the accused has the right to remain silent, (2) that anything the accused says may be used in court, (3) that the accused has the right to have an attorney present during questioning, and (4) that an attorney will be appointed for the accused before questioning if he or she cannot afford one. Dickerson v. United States, 530 U.S. 428, 435, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000); Miranda v. Arizona, 384 U.S. 436, 479, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Everett, 893 So.2d at 1284; Ramirez v. State, 739 So.2d 568, 573 (Fla.1999) ("Suspects must also be informed that they have a right to an attorney during questioning, and that if they cannot afford an attorney, one will be appointed for them without cost.") (citations omitted), cert. denied, 528 U.S. 1131, 120 S.Ct. 970, 145 L.Ed.2d 841 (2000); Traylor v. State, 596 So.2d 957 (Fla.1992); see also Chavez v. State, 832 So.2d 730 (Fla.2002), cert. denied, 539 U.S. 947, 123 S.Ct. 2617, 156 L.Ed.2d 637 (2003).[3] The requirement to adequately warn an accused of these rights is more than a procedural nicety or legal technicality; the courts require full compliance in order for the warnings to be valid and any resulting confession to be admissible. Ramirez; Traylor.
The State argues that implicit in the warning to Jonathan that he "had a *408 right to an attorney" is the warning that he had the right to have the attorney present during questioning and that one would be appointed in the event he could not afford to hire one. This argument is premised on the general principle that the Miranda warnings are not meant to be a formalistic recital from a card containing verbatim language extracted from the Miranda decision. We agree with this premise. Although we will not indulge semantical debates between the state and a defendant over the particular words used to advise the defendant of his or her rights, we will require that the Miranda warnings or their equivalent be provided with sufficient clarity so that a defendant has a reasonable opportunity to understand the rights inherent in the warnings and voluntarily act upon them. See Thompson v. State, 595 So.2d 16 (Fla.1992). "The inquiry is simply whether the warnings reasonably `conve[y] to [a suspect] his rights as required by Miranda.'" Duckworth v. Eagan, 492 U.S. 195, 203, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989) (quoting California v. Prysock, 453 U.S. 355, 361, 101 S.Ct. 2806, 69 L.Ed.2d 696 (1981)). Once the Miranda warnings are properly provided, the responsibility falls upon the state to establish that the defendantwhether educated or uneducated, literate or illiterate, intelligent or mentally challenged, adult or juvenileknowingly and voluntarily waived the rights protected by the warnings when the incriminating statement was given to the police. Ramirez; J.G. v. State, 883 So.2d 915 (Fla. 1st DCA 2004).
Hence, the purpose of the Miranda warnings is not fulfilled when the defendant is left to magically divine from abstruse statements provided by the police what his or her rights are. We do not believe that even the most erudite or mature individual could reasonably discern with the level of understanding required by Miranda that the warning given to Jonathanthat he "had the right to an attorney"encompasses the right to have an attorney present during questioning and the right to have one appointed in the event the individual could not afford to hire one. Failure to provide these warnings to Jonathan renders the statements he made inadmissible. Thompson, 595 So.2d at 18 (holding that failure to advise defendant that lawyer would be provided to him if he could not afford one rendered the incriminating statement inadmissible) (citing Caso v. State, 524 So.2d 422, 425 (Fla.), cert. denied, 488 U.S. 870, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988)); Ripley v. State, 898 So.2d 1078 (Fla. 4th DCA 2005); West v. State, 876 So.2d 614 (Fla. 4th DCA 2004), review denied, 892 So.2d 1014 (2005); Franklin v. State, 876 So.2d 607 (Fla. 4th DCA 2004), cert. denied, 543 U.S. 1081, 125 S.Ct. 890, 160 L.Ed.2d 825 (2005).[4]
In order to avoid the misfortune caused by the inadequate Miranda warning and the attendant suppression of *409 the incriminating statements, the State advances the argument that Miranda warnings were not necessary because Jonathan was not in custody at the time he spoke of his liaison with S.B. An incriminating statement is subject to the scrutinizing eye of Miranda only when the suspect is questioned while in custody; hence, noncustodial interrogation does not require advisement of the Miranda warnings. Stansbury v. California, 511 U.S. 318, 322, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) ("An officer's obligation to administer Miranda warnings attaches ... `only where there has been such a restriction on a person's freedom as to render him "in custody."'") (quoting Oregon v. Mathiason, 429 U.S. 492, 495, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977)); State v. Scott, 786 So.2d 606 (Fla. 5th DCA), review denied, 805 So.2d 809 (Fla.2001); State v. Wilson, 747 So.2d 1051 (Fla. 5th DCA 2000). Whether an individual is in custody is a mixed question of law and fact. Ramirez, 739 So.2d at 574; State v. C.F., 798 So.2d 751 (Fla. 4th DCA 2001).
Here, the trial court never addressed the custody issue during the suppression proceedings; rather, it determined that the Miranda warnings were adequate and that Jonathan understood them despite his mental disability. Nevertheless, as to the second statement made at the police station, the State concedes that Jonathan was in custody at the time that statement was made. Hence, that statement is inadmissible and the trial court erred in failing to grant the motion to suppress as to that statement. As to the first statement, now that we have determined that the trial court erred in finding the Miranda warnings adequate, and because the issue of custody involves factual issues that were not addressed by the trial court, it is appropriate that we remand this case to the trial court to determine whether Jonathan was in custody at the time he made the first statement to the police. See Ramirez; Duddles v. State, 845 So.2d 939 (Fla. 5th DCA 2003).
REVERSED and REMANDED for further proceedings.
TORPY, J. and ROCHE, R.A., Associate Judge, concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] Wilson v. State, 885 So.2d 959, 960 (Fla. 5th DCA 2004) (noting that rule 9.140(b)(2)(A)(i) allows the appeal of a dispositive issue after a plea of guilty or nolo contendere; stating that "[a]n order denying a motion to suppress a confession is not dispositive for purposes of this rule unless the parties so stipulate.") (citations omitted); Debiasio v. State, 789 So.2d 1061 (Fla. 4th DCA 2001); Blanco v. State, 752 So.2d 79 (Fla.2d DCA 2000); Spiker v. State, 477 So.2d 1063 (Fla.2d DCA 1985); Freeman v. State, 450 So.2d 301 (Fla. 5th DCA 1984); Jackson v. State, 382 So.2d 749 (Fla.1st DCA 1980), aff'd, 392 So.2d 1324 (Fla.1981); Oesterle v. State, 382 So.2d 1293 (Fla.2d DCA 1980); see also White v. State, 830 So.2d 944, 944 (Fla. 4th DCA 2002) (dismissing the appeal of an order denying a motion to suppress a confession; stating that "[i]n the absence of a dispositive motion or a stipulation by the parties to that effect, we must dismiss for lack of jurisdiction.") (citation omitted); Weber v. State, 492 So.2d 1166, 1167 (Fla. 4th DCA 1986) ("If there is record evidence of a stipulation between the parties that the issue was dispositive, then we can reach the merits. There is no language in the record that could be interpreted to constitute such a stipulation, however, and in fact the state attorney's detailed recitation of the evidence it would offer at trial makes it clear that the confession was not dispositive.") (citing Finney v. State, 420 So.2d 639 (Fla. 3d DCA 1982); Jackson); Snell v. State, 388 So.2d 1353, 1354 n. 2 (Fla. 5th DCA 1980) ("Subsequent to Brown, confessions have been held dispositive for the purposes of an [State v.] Ashby [245 So.2d 225 (Fla.1971)] nolo plea if the state so stipulates. In this case the state did not stipulate that appellant's confession was dispositive.") (citing Jackson; Oesterle). In cases where the state did not stipulate the issue was dispositive, the courts have applied Brown and dismissed the appeal for lack of jurisdiction. See, e.g., Head v. State, 604 So.2d 881 (Fla.2d DCA 1992); Wright v. State, 547 So.2d 258 (Fla. 1st DCA 1989). Although we are not bound by such a stipulation, we are unable to determine from the record that this issue is not dispositive.
[3] In Chavez, the court discussed the defendant's claim that his confession should be suppressed because he was not properly advised of his right to counsel and held:

Chavez also asserts that his confession must be suppressed as involuntary because he was not properly advised of his right to consult with counsel before questioning. See Traylor v. State, 596 So.2d 957, 957 n.13 (Fla.1992) (observing that "the suspect has the right to consult with a lawyer before being interrogated and to have the lawyer present during the interrogation"). Here, Chavez, who indicated that he had a twelfth-grade education, read the Metro Dade Miranda form in Spanish, and initialed it. This form has specifically been upheld as sufficient. See Cooper v. State, 739 So.2d 82, 84 n. 8 (Fla.1999) (approving this warning on the Metro Dade rights form: "If you want a lawyer to be present during questioning, at this time or any time thereafter, you are entitled to have a lawyer present."). Thus, Chavez's claim that he was insufficiently informed of his Miranda rights fails.
Chavez, 832 So.2d at 750.
[4] In Miranda, the court explained that it was necessary to advise the defendant that he had a right to have an attorney present during questioning:

Accordingly we hold that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation under the system for protecting the privilege we delineate today. As with the warnings of the right to remain silent and that anything stated can be used in evidence against him, this warning is an absolute prerequisite to interrogation. No amount of circumstantial evidence that the person may have been aware of this right will suffice to stand in its stead. Only through such a warning is there ascertainable assurance that the accused was aware of this right.
Miranda, 384 U.S. at 471-72, 86 S.Ct. 1602.