925 So.2d 1128 (2006)
Josette OCTAVE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-830.
District Court of Appeal of Florida, Fifth District.
April 13, 2006.
*1129 James S. Purdy, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
LAWSON, J.
Josette Octave timely appeals her conviction for aggravated manslaughter of a child, challenging the trial court's denial of a motion to suppress her statements to law enforcement. We affirm in part, and reverse in part.
Octave's motion to suppress dealt with statements that she made on two separate occasions. With respect to the first set of statements, we affirm the trial court's ruling. Because Octave was not in custody at the time she made these voluntary statements, no Miranda[1] warnings were necessary. Therefore, the motion alleging a violation of Octave's rights under Miranda was properly denied.
With respect to the second set of statements, Octave was in custody and Miranda warnings were required. Although law enforcement did apprise Octave of most of her rights prior to questioning, the officers only explained to her that she had a right to counsel, generally, and never said anything that could fairly be understood as apprising Octave of her right to have a lawyer present during questioning. Therefore, reversal is clearly required. See Maxwell v. State, 917 So.2d 404 (Fla. 5th DCA 2006).
We would note that Maxwell was released well after the trial court's ruling in this case. In addition, no case directly on point was supplied to the trial judge. We are confident that if given the opportunity to review the facts of this case in light of Maxwell, the trial judge would have reached the same conclusion that we reachMaxwell controls and requires suppression of Octave's second set of statements to law enforcement.
AFFIRMED IN PART AND REVERSED IN PART.
THOMPSON and SAWAYA, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).