WALLACE, Judge,
Dissenting.
Because I conclude that the Miranda warning given to M.A.B. failed to inform him of his right to have an attorney present during questioning, I respectfully dissent from Judge Canady’s opinion on the adequacy of the warning in this case. My conclusion that the warning itself was inadequate makes it unnecessary for me to reach the second issue concerning the validity of M.A.B.’s waiver of his rights.
In Miranda, the Supreme Court held that prior to custodial interrogation, law enforcement officers must inform a suspect of certain rights in order to protect the suspect’s Fifth Amendment privilege against self-incrimination from the inherently compelling pressures associated with in-custody interrogations. The suspect must be informed (1) that he has the right to remain silent, (2) that anything he says can be used against him in a court of law, (3) that he has the right to the presence of an attorney, and (4) that an attorney will be appointed if he cannot afford one. 384 U.S. at 479, 86 S.Ct. 1602. Protecting the suspect’s Fifth Amendment privilege against self-incrimination requires that the right to counsel must include not only the right to consult with counsel prior to questioning but also the right to have counsel present during the interrogation. Id. at 470, 86 S.Ct. 1602. The Supreme Court described the right to have counsel present during interrogation as “indispensable to the protection of the Fifth Amendment privilege under the system we delineate today.” Id. at 469, 86 S.Ct. 1602. To explain why the right to have counsel present during interrogation is “indispensable,” the Court noted the many important functions that an attorney can perform during questioning. Id. at 469-70, 86 S.Ct. 1602.
If the accused decides to talk to his interrogators, the assistance of counsel can mitigate the dangers of untrustwor-thiness. With a lawyer present the likelihood that the police will practice coercion is reduced, and if coercion is nevertheless exercised the lawyer can testify to it in court. The presence of a lawyer can also help to guarantee that the accused gives a fully accurate statement to the police and that the statement is rightly reported by the prosecution at trial.
Id. at 470, 86 S.Ct. 1602 (citing Crooker v. California, 357 U.S. 433, 443-48, 78 S.Ct. 1287, 2 L.Ed.2d 1448 (1958) (Douglas, J., dissenting)). The Supreme Court concluded its discussion of this part of the required warning by holding that “an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation.” Id. at 471, 86 S.Ct. 1602. The Court described this part of the required warning as “an absolute prerequisite to interrogation.” Id.
The requirement that law enforcement officers convey the warnings dictated in Miranda to a suspect prior to custodial interrogation is inflexible. However, the inflexibility of Miranda’s mandate does not extend to the form in which the warnings are given. See Duckworth, 492 U.S. at 202, 109 S.Ct. 2875; Prysock, 453 U.S. at 359, 101 S.Ct. 2806. In Prysock, the Court said that “no talismanic incantation” is required to satisfy the requirements of *1234 Miranda. 453 U.S. at 359, 101 S.Ct. 2806. The Prysock court’s rejection of a requirement of a verbatim recital of the language of the words of the Miranda opinion was based on the statement in Miranda that “[t]he warnings required and the waiver necessary in accordance with our opinion today are, in the absence of a fully effective equivalent, prerequisites to the admissibility of any statement made by a defendant.” 384 U.S. at 476, 86 S.Ct. 1602 (emphasis added). This statement also prompted the Duckworth court to opine that “[rjeviewing courts therefore need not examine Miranda warnings as if construing a will or defining the terms of an easement. The inquiry is simply whether the warnings reasonably ‘conve[y] to [a suspect] his rights as required by Miranda.’” 492 U.S. at 203, 109 S.Ct. 2875 (alteration in original) (quoting Prysock, 453 U.S. at 361, 101 S.Ct. 2806). Thus, in conducting a de novo review of the adequacy of the Miranda warnings administered to M.A.B. in this case, see Roberts, 874 So.2d at 1227, my task is to determine whether the warnings given reasonably conveyed to M.A.B. his right to have an attorney present during his interrogation.
Before considering the sufficiency of the warnings in M.A.B.’s case, it is helpful to examine decisions in which other courts have been called upon to consider whether a particular warning was the “fully effective equivalent” of the defendant’s “right to consult with a lawyer and to have the lawyer with him during interrogation” prescribed by Miranda, 384 U.S. at 471, 476, 86 S.Ct. 1602. Generally speaking, courts have not found a violation of the requirements of Miranda when some formulation concerning the suspect’s right to have counsel present during questioning was included in the warnings administered to the suspect. For example, in Prysock, the Supreme Court concluded that the warnings under review in that case conveyed to the defendant his rights as required by Miranda. 453 U.S. at 360-61, 101 S.Ct. 2806. The defendant was given the following warnings: “You have the right to talk to a lawyer before you are questioned, have him present with you while you are being questioned, and all during the questioning.” Id. at 356, 101 S.Ct. 2806. The Court found that nothing in the warnings suggested a limitation on the right to the presence of counsel. Id. at 360-61, 101 S.Ct. 2806. The Court noted that “ ‘[t]his is not a case in which the defendant was not informed of his right to the presence of an attorney during questioning.’ ” Id. at 361, 101 S.Ct. 2806 (alteration in original) (quoting United States v. Noa, 443 F.2d 144, 146 (9th Cir.1971)). Similarly, the Duckworth court concluded that the warnings in that case met the Miranda requirements. 492 U.S. at 203, 109 S.Ct. 2875. The police warned the defendant that “[y]ou have a right to talk to a lawyer for advice before we ask you any questions, and to have him with you during questioning.” Id. at 198, 109 S.Ct. 2875 (emphasis omitted). In clarifying the Miranda holding, the Court in DuckwoHh held that “Miranda does not require that attorneys be producible on call, but only that the suspect be informed, as here, that he has the right to an attorney before and during questioning, and that an attorney would be appointed for him if he could not afford one.” Id. at 204, 109 S.Ct. 2875. Because the defendant was informed that he had the right to an attorney before and during questioning, the warnings at issue in Duckworth were adequate. Id. at 203, 109 S.Ct. 2875.
When a suspect is not explicitly informed of his right to have an attorney present during any questioning, the question of what constitutes a “fully effective equivalent” becomes more problematic. Most federal courts have held that warning an accused in a general manner of his or her right to an attorney is adequate. *1235 See Frankson, 83 F.3d at 82 (finding that the warning “[y]ou have the right to an attorney” communicated the right to an attorney both prior to and during interror gation (alteration in original)); Caldwell, 954 F.2d at 498, 502 (determining that “[y]ou have a right for an attorney” was an adequate warning because it did not actively mislead the defendant by suggesting a false limitation on his right to counsel); United States v. Davis, 459 F.2d 167, 169 (6th Cir.1972) (concluding that the warning of “the right to consult a lawyer, at any time” provides an adequate appraisal of rights); Lamia, 429 F.2d at 376-77 (deciding that warning of “the 'right to an attorney’ ” sufficiently apprised accused that he had the right to the presence of an attorney during questioning). However, when the warning qualifies the accused’s right to an attorney, federal courts have generally held the warning to be deficient under Miranda. See Noti, 731 F.2d at 614-15 (finding that “the right to the services of an attorney before questioning” does not advise accused of the right to counsel’s presence during interrogation); United States v. Fox, 403 F.2d 97, 99-100 (2d Cir.1968) (determining that warnings did not comply with Miranda standards where accused was only informed that “he could consult an attorney prior to any question”); Windsor, 389 F.2d at 532-33 (finding warning that defendant “could speak to an attorney or anyone else before he said anything at all” was not a full Miranda warning because it did not inform defendant of the right to the presence of an attorney).
In this case, the detective warned M.A.B. that he had “the right to talk to a lawyer before answering ... any of our questions.” This statement properly informed M-.A.B. of his right to consult with an attorney prior to interrogation, but it did not inform him of the full extent of his right to counsel. Notification of the right to talk to a lawyer before questioning is not the equivalent of notification of the right to have a lawyer present during questioning. See Windsor, 389 F.2d at 533. These rights differ with respect to timing and, more important, to the types of assistance that counsel can provide at each stage of the process. As the Supreme Court said in Miranda, the right to have counsel present during questioning has significance independent of the right to consult counsel prior to interrogation. 384 U.S. at 470, 86 S.Ct. 1602 (“Even preliminary advice given to the accused by his own attorney can be swiftly overcome by the secret interrogation process.”). Moreover, by informing M.A.B. only of his right to talk with an attorney before questioning, the warning suggested a limitation on his right to counsel that was false. Thus the warning under review in this case affirmatively misled M.A.B. about the extent of his right to counsel. For these reasons, the warning did not reasonably convey to M.A.B. that he had a right to have an attorney present during the interrogation.
The State argues that the last sentence of the warning was adequate to inform M.A.B. of his right to have counsel present during interrogation. The last sentence of the warning reads: “You have the right to use any of these rights at any time you want during this interview.” Granted, some courts have found warnings that include the language “at any time” to be adequate. See Davis, 459 F.2d at 169 (concluding without discussion that “the right to consult a lawyer, at any time” was an adequate warning); Lawrence v. Artuz, 91 F.Supp.2d 528, 538 (E.D.N.Y.2000) (holding statement that accused “had a right to have an attorney present ‘at any time’ was adequate to convey the notion that he had a right to have counsel present at the time of questioning”). Nevertheless, these decisions are not persuasive on the adequacy of the particular warning at issue in this case. Here; both the warning *1236 about the right to talk to counsel and the warning about the right to the appointment of counsel limit the rights by suggesting that they must be exercised before questioning. Thus the concluding statement in the warning telling M.A.B. that he has the right “to use any of these rights at any time” is confusing and contradictory.
In addition, even if one assumes that the warning’s final sentence expands the scope of the warning as a whole to include the pre-interrogation and interrogation stages, the expanded warning still fails to inform M.A.B. of his right to a lawyer’s presence during interrogation. Nothing about the statement that “[y]ou have the right to use any of these rights at any time you want during this interview” informed M.A.B. that he had a right not only to consult with an attorney in conjunction with the interrogation process but also had the right to have that attorney present with him during the interrogation. Cf. Atwell, 398 F.2d at 509 n. 8, 510 (finding that warning of “right to consult with an attorney, anyone of his choosing at anytime” does not comply with Miranda directive that defendant be warned of his right to have a lawyer with him during interrogation). For this reason, the warning administered to M.A.B. was not a “fully effective equivalent” of the warning required under Miranda.[12],
In Miranda, the Supreme Court stressed the importance of properly administering the required warning concerning the accused’s right to counsel by stating: “No amount of circumstantial evidence that the person may have been aware of this right will suffice to stand in its stead. Only through such a warning is there ascertainable assurance that the accused was aware of this right.” 384 U.S. at 471-72, 86 S.Ct. 1602. Because the warning M.A.B. received was inadequate to fully inform him of his constitutional rights, I believe that the trial court erred in denying M.A.B.’s motion to suppress his statements. After a thorough review of the record, I also conclude that the trial court’s error in admitting M.A.B.’s statements into evidence was not harmless. I would reverse M.A.B.’s adjudication of delinquency and disposition, and I would remand for further proceedings.
Before closing, I offer the following observations on the question certified by the court. I have reservations about whether the question framed fairly presents the issue of the adequacy of the Miranda warning that was administered to M.A.B. The certified question states the issue as involving “Miranda warnings which advise of both (a) the right to talk to a lawyer ‘before questioning’ and (b) the ‘right to use’ the right to consult a lawyer ‘at any time’ during questioning.” But the warning under review in this case does not advise the accused of “the ‘right to use’ the right to consult a lawyer ‘at any time’ during questioning.” Instead, the catch-all phrase at the end of the warning says something quite different: “You have the right to use any of these rights at any time you want during this interview.” The pri- or reference in the warning to “the right to talk to a lawyer” is described as a right that must be exercised “before answering any of our ... questions” (emphasis added). Thus the warning does not — as the certified question indicates — inform the ac *1237 cused of “the ‘right to use’ the right to consult a lawyer ‘at any time’ during questioning” (emphasis added).
That said, I acknowledge the difficulty of framing the issue of the adequacy of the warning under review without restating the warning in its entirety as part of the question. In addition, I agree that the question of the adequacy of the Miranda warning that was administered to M.A.B. is one of great public importance. For these reasons, I concur in the certification of the question.

. Other Florida courts have recently addressed the issue of the adequacy of Miranda warnings. See, e.g., Gillis v. State, 930 So.2d 802 (Fla. 3d DCA 2006); Octave, 925 So.2d 1128; Maxwell, 917 So.2d 404; West, 876 So.2d 614; Roberts, 874 So.2d 1225. I have not discussed these cases here because the issue raised by the language of the warning under review in M.A.B.’s case differs from the issues raised by the language of the warnings in these cases.