MORRIS, Judge.
 

 Robert England appeals his judgments and sentences for possession of cannabis and possession of drug paraphernalia. England was the passenger in a car which was validly stopped for a traffic violation. The driver of the car gave consent for a sheriffs deputy to search the car, and as a result, the traffic stop became a consensual encounter.
 
 See State v. Cromatie,
 
 668 So.2d 1075, 1076-77 (Fla. 2d DCA 1996). Because the deputy had consent to search the car, he was lawfully permitted to “detain all occupants of the car until he completed the search.”
 
 Id.
 
 at 1077. There was no unlawful search and seizure, and we affirm the denial of England’s motion to suppress the physical evidence, i.e., the drugs and drug paraphernalia.
 
 [1]
 

 However, we write to address the trial court’s denial of the motion to suppress England’s statements and whether that order is even an appealable issue. England entered a guilty plea to the charges while reserving his right to appeal
 
 *129
 
 the denial of at least one motion to suppress. Florida Rule of Appellate Procedure 9.140(b) (2) (A) (i) states in relevant part that a defendant may not appeal from a guilty plea except where the defendant has expressly reserved the right to appeal a prior dispositive order and identified with particularity the point of law being reserved. “An order denying a motion to suppress a confession is not dispositive for purposes of this rule unless the parties so stipulate.”
 
 Wilson v. State,
 
 885 So.2d 959, 960 (Fla. 5th DCA 2004);
 
 see also Blanco v. State,
 
 752 So.2d 79, 80 (Fla. 2d DCA 2000) (holding that “as a matter of law, the issue of whether a confession should be suppressed is not dispositive” unless “the State stipulates that it could not proceed with the prosecution of the case without the benefit of the confession”).
 

 Here, the parties did state that a motion was dispositive, but they and the trial court failed to specifically identify which motion was dispositive. At the plea hearing, defense counsel asked the court to make a finding that the motion to suppress was a dispositive motion and the court replied “Okay.” The prosecutor also commented that it was “the State’s understanding [that the motion was disposi-tive].” The court then stated “Okay” and proceeded with the hearing.
 

 The record is “murky” in this case regarding whether the parties were stipulating that one or both motions were dis-positive; if the parties were only stipulating that one motion was dispositive, then the record is “murky” as to which motion was being discussed. The record could be construed to suggest that the trial court gave tacit approval to the appealability of the motion to suppress the statements. In these types of cases, we have given appellants the benefit of any uncertainty as to the appealability of orders denying motions to suppress and we have proceeded to discuss the merits of the cases.
 
 See, e.g., Everett v. State,
 
 535 So.2d 667, 668-69 (Fla. 2d DCA 1988);
 
 Spiker v. State,
 
 477 So.2d 1063, 1065 (Fla. 2d DCA 1985).
 
 [2]
 

 Turning to the merits, it is clear that the trial court erred by denying the motion to suppress England’s statements. Once the deputy located the baggie of marijuana on the passenger-side floorboard of the car, the deputy confronted the driver and England and told them that they would both be arrested if someone did not own up to possessing the drugs. It was only at that point that England stated that the drugs belonged to him and that he would “take the rap.”
 

 England argues that he was improperly subjected to custodial interrogation without the benefit of Miranda
 
 [3]
 
 warnings. We agree. “The degree of custody needed to trigger a
 
 Miranda
 
 warning rests on the suspect’s reasonable belief that [his] freedom of action was ‘curtailed to a degree associated with actual arrest.’ ”
 
 State v. Shuttleworth,
 
 927 So.2d 975, 978 (Fla. 2d DCA 2006) (quoting
 
 Traylor v. State,
 
 596 So.2d 957, 966 n. 16 (Fla.1992)).
 
 *130
 
 The determination of custody does not depend on the subjective views of either the interrogating officer or the person being questioned; instead, “‘the only relevant inquiry is how a reasonable man in the suspect’s position would have understood his situation.’ ”
 
 Stansbury v. California,
 
 511 U.S. 818, 328-24, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) (quoting
 
 Berkemer v. McCarty,
 
 468 U.S. 420, 442, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984)). There are four factors to analyze in determining whether a reasonable person would consider himself to be in custody: “(1) the manner in which police summon the suspect to question [him]; (2) the place, purpose, and manner of investigation; (3) the extent to which the suspect is confronted with evidence of [his] guilt; and (4) whether the suspect is informed that [he] is free to leave.”
 
 Shuttleworth,
 
 927 So.2d at 978 (citing
 
 Ramirez v. State,
 
 739 So.2d 568, 574 (Fla.1999));
 
 see also State v. Hackett,
 
 944 So.2d 399, 401 (Fla. 4th DCA 2006).
 

 Two of those factors support a finding that England was in custody in this case: he was not told he was free to leave, and he was confronted with evidence of a crime.
 
 See Shuttleworth,
 
 927 So.2d at 978;
 
 Fowler v. State,
 
 782 So.2d 461, 462 (Fla. 2d DCA 2001) (holding that appellant was subjected to custodial interrogation which required
 
 Miranda
 
 warnings where appellant was asked to get out of his car, told he was suspected of selling drugs, and asked whether he had anything on him).
 

 The facts further establish that England was subjected to interrogation. The deputy told both England and the driver of the car that they would be arrested if someone did not own up to possessing the marijuana. This statement was likely to elicit an incriminating response.
 
 See Shuttleworth,
 
 927 So.2d at 978;
 
 Fowler,
 
 782 So.2d at 462;
 
 see also United States v. Green,
 
 776 F.Supp. 565, 566-68 (D.D.C. 1991) (holding that where officer told appellant that if someone did not own up to possessing drugs in car, the officer would presume the drugs belonged to appellant’s mother, the officer’s tactics amounted to custodial interrogation because they were likely to elicit an incriminating response). And indeed, England incriminated himself in response to the coercive questioning. Because England was not provided with
 
 Miranda
 
 warnings, his statements relating to the drugs should have been suppressed.
 

 It is unknown whether England would have pleaded guilty if his motion to suppress the statements had been granted. We therefore remand for further proceedings with directions to the trial court to afford England the opportunity to withdraw his plea. We caution England that if he chooses to withdraw his plea and proceed to trial, the State will be able to utilize the physical evidence which is properly admissible.
 

 Affirmed in part, reversed in part, and remanded.
 

 WALLACE and BLACK, JJ., Concur.
 

 [1]
 

 . We note that both motions to suppress were labeled motions to suppress alleged statements. However, one of the motions was directed at the physical evidence, while the second motion was directed at England's statements to the deputy.
 

 [2]
 

 . This case is a prime example of why specificity is needed when determinations regarding the dispositive nature of motions are made. As we emphasized in
 
 Everett,
 
 "when a trial court receives a plea subject to the requirements of rule 3.172 of the Florida Rules of Criminal Procedure and the defendant reserves a question of law for appeal, the trial court is obligated to determine the dispositive nature of the reserved question.” 535 So.2d at 669. “A trial court ... errs if it merely acknowledges that the defendant has reserved an issue for appellate review.”
 
 Id.
 
 We advise parties and trial courts to use care when stipulating which motions are dispositive so that a clear and accurate record of the proceedings can be created for appeal.
 

 [3]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).