WALLACE, Judge.
 

 These consolidated cases
 
 [1]
 
 involving a husband and a wife are controlled by this court’s recent decision in
 
 Mullis v. State,
 
 79 So.3d 747 (Fla. 2d DCA 2011). In case number 2D10-1596, Karen Plevyak Hay, a/k/a Karen L. Hay, appeals her judgment and sentences for one count of drug trafficking, § 893.135(l)(e)(l)(c), Fla. Stat. (2008), and six counts of obtaining a controlled substance by withholding information, § 893.13(7)(a)(8), Fla. Stat. (2007 & 2008), following her guilty plea.
 
 [2]
 
 In case number 2D10-1678, Robert Ronald Hay appeals his judgment and sentences for one count of drug trafficking, § 893.135(l)(c)(l)(c), Fla. Stat. (2008), and twenty-three counts of obtaining a controlled substance by withholding information, § 893.13(7)(a)(8), Fla. Stat. (2006, 2007, & 2008), following his guilty plea. On appeal, both Mr. and Mrs. Hay challenge the denial of their motions to suppress statements made by their doctors and the doctors’ employees (the doctors’ statements) to law enforcement during the investigation that led to the Hays’ arrest.
 
 [3]
 
 Based on this court’s recent decision in
 
 Mullís,
 
 we reverse the circuit court’s order to the extent that it denied suppression of the doctors’ statements, and we remand for further proceedings.
 

 As in
 
 Mullis,
 
 the charges against the Hays stemmed from a doctor-shopping investigation conducted by Detective Douglas Fowler, a narcotics investigator for the City of Temple Terrace. The facts of these cases, the circuit court’s ruling, and the arguments advanced at the trial and appellate levels are substantially similar to
 
 *854
 
 those in
 
 Mullís.
 
 The doctors’ statements to Detective Fowler may be grouped into four categories: (1) statements confirming that either Mr. or Mrs. Hay was a patient, (2) statements that the doctors had prescribed controlled substances to either Mr. or Mrs. Hay, (3) statements that neither Mr. nor Mrs. Hay had disclosed the receipt of a prescription for a controlled substance from another provider within the preceding thirty days, and (4) statements that the doctors would not have prescribed a controlled substance to either Mr. or Mrs. Hay if the doctors had known that he or she had received a prescription for a controlled substance within the preceding thirty days.
 

 Here, as in
 
 Mullís,
 
 the Hays entered their guilty pleas with the understanding that they were reserving the right to appeal the denial of them motions to suppress. The circuit court ruled that its orders denying the Hays’ motions were dispositive. In addition, the circuit court informed both of the Hays that if the orders denying their motions were reversed on appeal, the charges against them would be dismissed on remand. We conclude that the merits of the circuit court’s orders are properly before us on appeal.
 
 See
 
 Fla. R.App. P. 9.140(b)(2)(A)(i).
 

 As we did in
 
 Mullis,
 
 we affirm the orders on the Hays’ motions to suppress to the extent that the orders deny the suppression of the pharmacy records. Noting the absence of any evidence in the record that Detective Fowler attempted to provide either Mr. or Mrs. Hay with notice or to obtain a court-issued subpoena before contacting the Hays’ doctors, we reverse the orders to the extent that the orders deny the suppression of the doctors’ statements, and we remand for the circuit court to enter orders suppressing those statements.
 
 [4]
 
 We note that because our decision reverses in part the circuit court’s rulings on the Hays’ motions to suppress, the Hays may be entitled to withdraw their pleas on remand.
 
 See England v. State,
 
 46 So.3d 127, 130 (Fla. 2d DCA 2010) (holding that where “[i]t is unknown whether [the defendant] would have pleaded guilty if his motion to suppress the statements had been granted,” he should be given the option of withdrawing his plea on remand).
 

 Our disposition of these cases is without prejudice to the Hays’ rights to raise any issues arising from
 
 Shelton v. Secretary, Department of Corrections,
 
 802 F.Supp.2d 1289 (M.D.Fla.2011), in the trial court.
 

 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY and KELLY, JJ., Concur.
 

 [1]
 

 . We consolidated these cases on our own motion for the purpose of issuing this opinion.
 

 [2]
 

 . Mrs. Hay also pleaded guilty to one count of failure to redeliver a leased vehicle, a violation of section 812.155(3), Florida Statutes (2009), and was sentenced to time served for this offense. Mrs. Hay’s motion to suppress did not address the failure to redeliver charge, and we affirm her judgment and sentence for that offense.
 

 [3]
 

 .In the circuit court, the Hays also moved to suppress their pharmacy records that were obtained by law enforcement under section 893.07(4). However, as the Hays note in their appellate briefs, this court has previously upheld this law enforcement tactic.
 
 See State v. Tamulonis,
 
 39 So.3d 524 (Fla. 2d DCA 2010),
 
 review denied, 52
 
 So.3d 662 (Fla.2011). For this reason, the Hays do not challenge the denial of their motions to suppress their pharmacy records.
 

 [4]
 

 . As in
 
 Mullís,
 
 our holding does not extend to the statements confirming the identity of the Hays as patients. The issue of the confidentiality of such statements is not properly before us for resolution in these appeals.