896 So.2d 885 (2005)
Louis COOK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-2422.
District Court of Appeal of Florida, Fourth District.
March 2, 2005.
Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant, Louis Cook, was charged and convicted of burglary of a dwelling and petit theft. Prior to trial, appellant moved to suppress statements made by him subsequent to his arrest on the grounds that the Miranda warnings given to him were insufficient because they failed to adequately advise him of his right to counsel during questioning. The trial court denied the motion. We reverse.
At the suppression hearing, evidence was presented that prior to questioning, appellant was read his Miranda rights. The Miranda warnings included the following: "You have the right to talk to a lawyer and have a lawyer present before any questioning." The Miranda warnings given did not advise appellant that he had the right to court appointed counsel during questioning as well. In addition, appellant signed a rights waiver form, which included the following acknowledgment: "With these rights in mind I am willing to answer questions without a lawyer present." After appellant waived his Miranda rights he provided the detective with a statement.
In Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004), review denied, State v. West, 892 So.2d 1014 (Fla.2005), appellant appealed the denial of his motion to suppress his post-arrest videotaped statement on the grounds that the Miranda warning he received failed to inform him that he had a right to have an attorney present during questioning. The Miranda rights form read to appellant was the same one employed in this case, which read in pertinent *886 part: "You have the right to talk with a lawyer and have a lawyer present before any questioning." Id. at 1225. Appellant argued that the Miranda warnings read to him failed to advise him that he was entitled to have an attorney present during questioning as well as before questioning. See id. at 1227.
Under Miranda, an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation. This warning is an absolute prerequisite to interrogation. See id. (quoting Miranda v. Arizona, 384 U.S. 436, 471-72, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)). "Florida courts have consistently interpreted Miranda as requiring notification that a person in custody has a right to have counsel present not only before interrogation but during interrogation as well." Id. (emphasis in original).
The Roberts court also rejected the state's argument that an indicator of the defendant's understanding of his right to have a lawyer present during questioning is the separate "waiver of rights" form that appellant signed. The court held that the signed form, in conjunction with the warnings given, did not sufficiently convey the substance of the Miranda requirements or serve to corroborate the defendant's knowing and intelligent waiver of his rights. See id. at 1229.
Similarly, in Franklin v. State, 876 So.2d 607 (Fla. 4th DCA 2004), this court followed Roberts and West in holding that the Miranda warnings given were inadequate and failed to fully inform the appellant that he could consult with an attorney during questioning. The court further held that the error was not harmless in that it could not say beyond a reasonable doubt that the statement did not contribute to the verdict. See also President v. State, 884 So.2d 126 (Fla. 4th DCA 2004), review denied, State v. West, 892 So.2d 1014 (Fla.2005) (Miranda warning that failed to advise defendant of his right to counsel during interrogation was inadequate; erroneous admission of defendant's confession to robbery was not harmless).
Because we are reversing for a new trial on this issue, we decline to address the other issue raised by appellant.
REVERSED AND REMANDED FOR A NEW TRIAL.
FARMER, C.J., and TAYLOR, J., concur.