973 So.2d 578 (2008)
Ronnie Lee SEWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1209.
District Court of Appeal of Florida, Second District.
January 4, 2008.
James Marion Moorman, Public Defender, and John Thor White, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
This is an appeal of a criminal judgment that was converted to an Anders[1] appeal after Ronnie Lee Seward filed a motion to dismiss appellate counsel. During our independent review of the record, we noticed that Seward had filed a motion to suppress in which he argued that he did not knowingly, voluntarily, and intelligently waive his right to remain silent before he made incriminating statements to the police. Specifically, Seward argued that the Miranda[2] warnings read to him did not inform him of his right to have counsel present during questioning because the warnings stated, "You have the right to talk to a lawyer before answering any of our questions." We ordered supplemental briefing in light of the fact that, while this case was pending, this court had addressed the validity of the same Miranda warnings in M.A.B. v. State, 957 So.2d 1219 (Fla. 2d DCA) (en banc), review granted, 962 So.2d 337 (Fla.2007). In *579 M.A.B., this court split evenly on the issue, resulting in an opinion affirming the defendant's conviction. See id.
During the supplemental briefing process in this case, this court again addressed the validity of the Miranda warnings at issue. This time, we did not review the case en banc. Instead, a divided three-judge panel held that the Miranda warnings were deficient because they did not inform the defendant of his right to have counsel present during questioning. See Powell v. State, 969 So.2d 1060 (Fla. 2d DCA 2007). Thus, the issue has been decided and we are bound to follow that precedent.
Accordingly, we hold that the Miranda warnings were deficient in this case and the trial court erred in denying Seward's motion to suppress. Seward's conviction, which was obtained after a jury trial, is reversed and this case is remanded for further proceedings. As we did in Powell, we certify the following question as one of great public importance pursuant to article V, section 3(b)(4), of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v):
DOES THE FAILURE TO PROVIDE EXPRESS ADVICE OF THE RIGHT TO THE PRESENCE OF COUNSEL DURING QUESTIONING VITIATE MIRANDA WARNINGS WHICH ADVISE OF BOTH (A) THE RIGHT TO TALK TO A LAWYER "BEFORE QUESTIONING" AND (B) THE "RIGHT TO USE" THE RIGHT TO CONSULT A LAWYER "AT ANY TIME" DURING QUESTIONING?
Reversed and remanded.
STRINGER, DAVIS, and KELLY, JJ., Concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).