998 So.2d 531 (2008)
STATE of Florida, Petitioner,
v.
Kevin Dewayne POWELL, Respondent.
No. SC07-2295.
Supreme Court of Florida.
September 29, 2008.
As Revised on Denial of Rehearing December 23, 2008.
Bill McCollum, Attorney General, Tallahassee, Florida, and Robert J. Krauss, Senior Assistant Attorney General, Bureau Chief, and Susan M. Shanahan, Assistant Attorney General, Tampa, Florida, for Petitioner.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public *532 Defender, Tenth Judicial Circuit, Bartow, Florida, for Respondent.
QUINCE, C.J.
This case is before the Court for review of the decision of the Second District Court of Appeal in Powell v. State, 969 So.2d 1060 (Fla. 2d DCA 2007). In its decision the district court ruled upon the following question, which the court certified to be of great public importance:
DOES THE FAILURE TO PROVIDE EXPRESS ADVICE OF THE RIGHT TO THE PRESENCE OF COUNSEL DURING QUESTIONING VITIATE MIRANDA[1] WARNINGS WHICH ADVISE OF BOTH (A) THE RIGHT TO TALK TO A LAWYER "BEFORE QUESTIONING" AND (B) THE "RIGHT TO USE" THE RIGHT TO CONSULT A LAWYER "AT ANY TIME" DURING QUESTIONING?
Id. at 1067-68. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons explained below, we answer the question in the affirmative and approve the decision below.

FACTS AND PROCEDURAL HISTORY
In Powell, 969 So.2d 1060, the Second District Court of Appeal summarized the facts as follows:
On August 10, 2004, Tampa Detectives Salvatore Augeri, Randy Estevez and other officers went to a residence in Tampa to investigate Mr. Powell. Shazeena West, Mr. Powell's girlfriend, allowed the officers to enter her apartment. Mr. Powell was one of at least four adults present in the apartment when police arrived. He was in the upstairs hallway coming from near the southeast corner bedroom. The officers searched that bedroom and under the bed found a loaded nine-millimeter handgun. Mr. Powell was arrested and transported to Tampa Police headquarters where he was questioned after being advised of his rights under Miranda. According to police, Mr. Powell agreed to talk.
During the direct examination of Detective Augeri, prior to his testimony concerning statements that Mr. Powell allegedly made, defense counsel objected on the ground that the Miranda warning was invalid. The trial court allowed defense counsel to voir dire the witness. The subsequent testimony revealed that the standard police department Form 310 used during the interrogation of Mr. Powell did not explicitly indicate that he had the right to have an attorney present during questioning. Detective Augeri testified that he witnessed another officer read Form 310 verbatim to Mr. Powell. The written warning, which was introduced at trial as an exhibit, states as follows:
You have the right to remain silent. If you give up the right to remain silent, anything you say can be used against you in court. You have the right to talk to a lawyer before answering any of our questions. If you cannot afford to hire a lawyer, one will be appointed for you without cost and before any questioning. You have the right to use any of these rights at any time you want during this interview.
A bench conference was held, and the court ruled that the recitation concerning the right to an attorney before questioning was adequate. The detective then testified that Mr. Powell said the firearm was his and that he had purchased it on the street and carried it for *533 protection, even though he was a convicted felon. Defense counsel renewed her objection to admitting Mr. Powell's custodial statement. The trial court overruled this objection. Mr. Powell then testified in his own defense. He said that he did not live at the apartment on August 10, 2004, but he heard a commotion when the officers entered. He said he was handcuffed and taken into custody. He testified he did not know the gun was present under the bed because he only stayed at that address every once in a while. Mr. Powell was convicted and sentenced to ten years in prison.
Powell, 969 So.2d at 1063-64 (footnotes omitted).
On appeal, the Second District reversed Powell's conviction. See Powell, 969 So.2d at 1068. The court held that the Miranda warnings that were given to Powell were deficient under the Fifth Amendment of the United States Constitution and article I, section 9 of the Florida Constitution. See Powell, 969 So.2d at 1061. The warning did not comply with the dictates of Miranda and its progeny. See Powell, 969 So.2d at 1064. The court reasoned that to advise a suspect that he "has the right `to talk to a lawyer before answering ... any of our questions' constitutes a narrower and less functional warning than that required by Miranda." Powell, 969 So.2d at 1064. The court further noted that Miranda requires that a suspect be "clearly informed" of his right to have a lawyer with him during questioning. See Powell, 969 So.2d at 1067 (citing Miranda, 384 U.S. at 471, 86 S.Ct. 1602). The court further reasoned that the warning given to Powell was constitutionally flawed because "the right to talk to or consult with an attorney before questioning is not identical to the right to the presence of an attorney during questioning." Id. The court further reasoned that the language, "right to use any of these rights at any time ... during this interview," cannot cure the deficiency because Powell was never unequivocally informed that he had the right to have an attorney present at all times during his custodial interrogation. Id. Moreover, concerning the language used in the warning, the court focused on whether at the moment given the language clearly communicated the right to have an attorney present during questioning and not how the words might be analyzed afterwards. See id.
Pursuant to article V, section 3, subsection (b)(4) of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), the Second District certified the question as one of great public importance. See Powell, 969 So.2d at 1067-68. We granted review to answer the certified question.

ANALYSIS
The issue before this Court is whether the failure to provide express advice of the right to the presence of counsel during custodial interrogation violates the principles espoused in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Powell argues that the trial court erred in failing to grant his motion to suppress because the Miranda warnings that were given were inadequate. In reviewing a motion to suppress, this Court has explained:
An appellate court reviewing a ruling on a motion to suppress presumes that a trial court's findings of fact are correct and reverses those findings only if they are not supported by competent, substantial evidence. Appellate review of the trial court's application of the law to the historical facts is de novo. Accordingly, "appellate courts must independently review mixed questions of law *534 and fact that ultimately determine constitutional issues arising in the context of the ... Fifth Amendment and, by extension, article I, section 9 of the Florida Constitution."
Cuervo v. State, 967 So.2d 155, 160 (Fla. 2007) (citations omitted) (quoting Fitzpatrick v. State, 900 So.2d 495, 510 (Fla. 2005)).
The Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." To ensure compliance with the privilege against self-incrimination, the United States Supreme Court outlined in Miranda v. Arizona four procedural safeguards that must be employed to protect the privilege when an individual has been deprived of freedom during a custodial interrogation:
He must be warned prior to any questioning that [1] he has the right to remain silent, [2] that anything he says can be used against him in a court of law, [3] that he has the right to the presence of an attorney, and [4] that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.
384 U.S. at 479, 86 S.Ct. 1602 (emphasis added). In explaining the reasons for an expansive reading of the Fifth Amendment, the Supreme Court said:
The circumstances surrounding in-custody interrogation can operate very quickly to overbear the will of one merely made aware of his privilege by his interrogators. Therefore, the right to have counsel present at the interrogation is indispensable to the protection of the Fifth Amendment privilege under the system we delineate today. Our aim is to assure that the individual's right to choose between silence and speech remains unfettered throughout the interrogation process.... Thus, the need for counsel to protect the Fifth Amendment privilege comprehends not merely a right to consult with counsel prior to questioning, but also to have counsel present during any questioning if the defendant so desires.
Id. at 469-70, 86 S.Ct. 1602 (emphasis added). The Court unequivocally said that "an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation." Id. at 471, 86 S.Ct. 1602. The Court noted that the individual's opportunity to exercise these rights must be afforded throughout the interrogation. See id.

1. The General Scope of the Miranda Warnings
In applying the Miranda principles, the Supreme Court has said that Miranda does not mandate that the warnings be a "virtual incantation of the precise language contained in the Miranda opinion." California v. Prysock, 453 U.S. 355, 355, 101 S.Ct. 2806, 69 L.Ed.2d 696 (1981). Moreover, in Duckworth v. Eagan, 492 U.S. 195, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989), the Supreme Court further said that "[r]eviewing courts ... need not examine Miranda warnings as if construing a will or defining the terms of an easement. The inquiry is simply whether the warnings reasonably `conve[y] to [a suspect] his rights as required by Miranda.'" Id. at 203, 109 S.Ct. 2875 (quoting Prysock, 453 U.S. at 361, 101 S.Ct. 2806).
Similarly, to ensure the voluntariness of confessions as required by article I, section 9 of the Florida Constitution, this Court in Traylor v. State, 596 So.2d 957 (Fla.1992), outlined the following rights Florida suspects must be told of prior to custodial interrogation:

*535 [1] they have a right to remain silent, [2] that anything they say will be used against them in court, [3] that they have a right to a lawyer's help,[2] and [4] that if they cannot pay for a lawyer one will be appointed to help them.
Id. at 966 (footnote omitted); see also Cuervo, 967 So.2d at 160 (reiterating the Miranda warnings). In Anderson v. State, 863 So.2d 169 (Fla.2003), we further noted, "Although Miranda warnings must be given to suspects before custodial interrogation can begin, there is no talismanic fashion in which they must be read or a prescribed formula that they must follow, as long as the warnings are not misleading." Id. at 182. However, we also unequivocally said that the help of an attorney includes both the right to consult with an attorney before questioning and the right to have an attorney present during questioning. See Traylor, 596 So.2d at 966 n. 13.

2. Express Mention of the Presence of Counsel
In Miranda, the Supreme Court discussed with apparent approval the FBI's standard warning form. See 384 U.S. at 484-85, 86 S.Ct. 1602. The standard warning did not expressly advise a suspect of the right to the presence of counsel during questioning. See id. The Court found that the warnings advised the suspects of their constitutional rights. See id. However, the Court additionally noted that "[i]f the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." Id. at 475, 86 S.Ct. 1602 (citing Escobedo v. Illinois, 378 U.S. 478, 490 n. 14, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964)). Despite this seeming approval of the FBI warnings, the Court suppressed all of the confessions or statements that were given in the four cases before the Court in Miranda. For example, in the case involving the defendant Miranda, the Supreme Court reversed his conviction and said, "[I]t is clear that Miranda was not in any way apprised of his right to consult with an attorney and to have one present during the interrogation, nor was his right not to be compelled to incriminate himself effectively protected in any other manner." Id. at 492, 86 S.Ct. 1602 (emphasis added).[3]
In reversing the defendant's conviction in the Vignera v. New York case, the Court said, "Vignera was not warned of any of his rights before the questioning by the detective and by the assistant district attorney. No other steps were taken to protect these rights. Thus he was not effectively apprised of his Fifth Amendment privilege or of his right to have counsel present...." 384 U.S. at 494, 86 S.Ct. 1602 (emphasis added). At the trial the defense had attempted to question the police officer concerning whether Vignera had been informed of his right to counsel prior to interrogation. The trial judge sustained the State's objection to the question, thus precluding the defense from showing that the proper warnings had not been given. See id. at 493, 86 S.Ct. 1602. In addition, the verbatim transcription of the questioning of the defendant did not *536 demonstrate that warnings had been given. See id.
The third case in the Miranda grouping, Westover v. United States, involved a situation where the Kansas City police questioned the defendant for a number of hours. See 384 U.S. at 494-95, 86 S.Ct. 1602. There was no indication that the local police had given the defendant any Fifth Amendment warnings. See id. at 495, 86 S.Ct. 1602. After the police concluded their interrogation, Westover was immediately turned over to the FBI for questioning. See id. The questioning took place at the same police station where the local police had questioned the defendant. See id. At trial one of the FBI agents testified that the defendant was told he did not have to make a statement, any statement made could be used against him, and he had the right to see an attorney. See id. The Supreme Court reversed the conviction despite the testimony of the agent and in doing so the Court said, "There is no evidence of any warning given prior to the FBI interrogation nor is there any evidence of an articulated waiver of rights after the FBI commenced its interrogation." Id. at 496, 86 S.Ct. 1602. In the final Miranda case, California v. Stewart, the Supreme Court affirmed the California Supreme Court's determination that the defendant's confession should have been suppressed because the record did not state whether the defendant had been advised of his right to remain silent or his right to counsel. See id. at 497-98, 86 S.Ct. 1602.
While the four cases that were the subject of the Miranda decision did not present the type of factual scenario or the exact question we address today, some state and federal courts have addressed the exact issue of whether a suspect must be informed of the right to the presence of counsel during questioning with differing results. The principles espoused in the Miranda decision formed the basis of how these courts have treated the warnings.

A. Federal Courts
The federal courts are split regarding the necessity for express warnings of the right to have counsel present during interrogation. Several of the federal circuits have held that a suspect is entitled to be expressly informed of the right to have counsel present during questioning. In United States v. Tillman, 963 F.2d 137 (6th Cir.1992), the defendant was informed: "[You have] the right to remain silent, the right to the presence of an attorney if [you] so wish, [you] are not required to answer any questions and if [you] decide to answer questions [you] can stop and do so...." Id. at 140. The defendant argued that the Miranda warnings read to him were inadequate because he was never told that any statements he might make could be used against him, and that he was not informed he was entitled to an attorney during questioning in addition to before questioning. Tillman, 963 F.2d at 140. The Sixth Circuit agreed and held that the statements made by the defendant subsequent to his arrest should be suppressed. See id. at 142. The court found a Miranda violation because the police failed to inform the defendant that he had the right to an attorney before, during, and after questioning. See Tillman, 963 F.2d at 141.
Additionally, in Montoya v. United States, 392 F.2d 731 (5th Cir.1968), the Fifth Circuit found the warnings insufficient. Id. at 732. The customs agent testified that he informed the defendant as follows:
[S]he had the right to remain silent, that anything she might say could be used against her if she was tried. [S]he had a right to an attorney, and, if she could not afford an attorney, one would be *537 provided for her. [S]he could terminate the interview at any time she so desired.
Id. at 733. The court held that the defendant's confession was fatally defective under Miranda because "an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation." Montoya, 392 F.2d at 734 (quoting Miranda, 384 U.S. at 471, 86 S.Ct. 1602). The court reasoned that this warning is an absolute prerequisite to interrogation. See id. at 735; see also United States v. Noti, 731 F.2d 610, 615 (9th Cir.1984) (holding that the right of the accused to be told that he can have counsel present during questioning is meaningful and mandated by the United States Constitution); Windsor v. United States, 389 F.2d 530, 533 (5th Cir.1968) (noting that merely telling an individual that he could speak with an attorney before he said anything at all is not the same as informing him that he is entitled to the presence of an attorney during interrogation).
In contrast, several other circuits have found warnings adequate that did not expressly inform the defendant of the right to have counsel present during questioning. For example, in United States v. Frankson, 83 F.3d 79 (4th Cir.1996), the defendant was informed: "[Y]ou have the right to an attorney." Id. at 81. The officer told the defendant that "while he was talking to [the officer], he was free to stop talking to [the officer] at any time." Id. Frankson contended that the officer's warning failed to satisfy Miranda because it did not convey that he had the right to talk with counsel prior to the interrogation or the right to have counsel present during the interrogation. See Frankson, 83 F.3d at 81. The court held that the defendant's Miranda warnings were not erroneous because the warnings "communicated to [the defendant] that his right to an attorney began immediately and continued forward in time without qualification." Frankson, 83 F.3d at 82.
More recent, in Bridgers v. Dretke, 431 F.3d 853 (5th Cir.2005), cert. denied, 548 U.S. 909, 126 S.Ct. 2961, 165 L.Ed.2d 959 (2006), the defendant was informed of his right to the presence of an attorney prior to any questioning. See id. at 856. Bridgers contended that the warnings he received were inadequate under Miranda because the warnings did not also explicitly state that he had a right to consult an attorney during questioning. See Dretke, 431 F.3d at 857. The court found the state appellate court's decision upholding the warning was adequate because it was a reasonable application of clearly established federal law. See id. at 858-60.[4]

B. Florida Courts
After our holding in Traylor, we reiterated the principles espoused in Traylor and the Miranda decision in several other decisions from this Court. In both Ramirez v. State, 739 So.2d 568 (Fla.1999), and Sapp v. State, 690 So.2d 581 (Fla. 1997), neither of which presented the exact issue involved in the case that is presently before us, we noted the requirements of both the Fifth Amendment, as explained in *538 Miranda, and the Florida Constitution, as explained in Traylor. Our explanation of the federal and state requirements included the requirement that a suspect be informed of the right to have counsel present during questioning. See Ramirez, 739 So.2d at 573 (quoting from Miranda that suspects must be informed that they have a right to an attorney during questioning); Sapp, 690 So.2d at 583-84 (citing to Miranda for the proposition that an individual has the right to have counsel present during custodial interrogation).
More recently, the issue of whether Miranda requires that an individual be expressly informed of his right to the presence of counsel during custodial interrogation has been addressed by several of the Florida district courts of appeal. In addition to the Powell case, the Second District addressed this issue in M.A.B. v. State, 957 So.2d 1219 (Fla. 2d DCA 2007) (en banc); Mitchell v. State, 32 Fla. L. Weekly D2958, ___ So.2d ___, 2007 WL 4355200 (Fla. 2d DCA Dec.14, 2007), notice invoking discretionary jurisdiction filed, No. SC07-2429 (Fla. Dec. 28, 2007); and Seward v. State, 973 So.2d 578 (Fla. 2d DCA 2008). As in this case, the defendants in these three cases argued that the Miranda warnings given to them were inadequate because the warnings did not specifically inform them of the right to have counsel present during police questioning. In M.A.B., considering the case en banc, the Second District was evenly divided seven-to-seven; thus, a majority of the court did not reach a decision on the adequacy of the Miranda warnings.[5]
Subsequent to M.A.B., the Second District decided Powell and applied Powell when it decided in Mitchell and Seward that the Miranda warnings were deficient because the warnings did not specifically inform the defendants of their right to have counsel present during questioning. Later, however, in Graham v. State, 974 So.2d 440 (Fla. 2d DCA 2007), the Second District distinguished Powell because the police in Graham advised the defendant that he had the right to the presence of an attorney and did not include any timeframe limitation. See Graham, 974 So.2d at 440.
In multiple cases the Fourth District Court of Appeal has addressed the issue of whether an individual must be expressly informed of his right to the presence of counsel during custodial interrogation. In Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004), the police advised the defendant: "You have the right to talk with a lawyer and have a lawyer present before any questioning. If you cannot afford a lawyer, one will be appointed to represent you before any questioning if you wish." Id. at 1226. The defendant contended that he did not knowingly and intelligently waive his constitutional rights under Miranda because the Miranda warning he received failed to inform him that he had a right to have an attorney present during questioning. See Roberts, 874 So.2d at 1226. The district court agreed and reversed his conviction. See id.[6] The court *539 reasoned that nowhere does the Miranda form advise the defendant of his right to have a lawyer present during questioning. See Roberts, 874 So.2d at 1226. The use of the "before questioning" warning alone suggests that the suspect was misled into believing that the attorney could not be present during questioning itself. See id. at 1228 (citing Caldwell, 954 F.2d at 504). Moreover, the court rejected the State's argument that the defendant understood his rights because he also signed a "waiver of rights" Miranda form. See Roberts, 874 So.2d at 1229.[7]
Thereafter, the court, in Franklin v. State, 876 So.2d 607 (Fla. 4th DCA 2004), and West v. State, 876 So.2d 614 (Fla. 4th DCA 2004), relied on Roberts and reversed the convictions where the same deficient warnings were given. The defendant in Franklin presented to the trial court ninety forms used by both state and federal law enforcement agencies. Eighty-nine of the forms advised the defendant that he or she could consult with an attorney during questioning. Only the form that was used in Franklin's case did not contain that advice. Additionally, in support of its finding that the omitted warning was critical, the court cited language from Duckworth v. Eagan, 492 U.S. 195, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989), indicating that Miranda does not require law enforcement to produce attorneys as if on call, but Miranda does require that a suspect be informed that he has the right to an attorney before and during questioning. See Franklin, 876 So.2d at 608.[8]
The Fifth District also addressed a similar issue in Maxwell v. State, 917 So.2d 404 (Fla. 5th DCA 2006), and Octave v. State, 925 So.2d 1128 (Fla. 5th DCA 2006). In Maxwell, the police officer failed to advise the defendant that "he had a right to have an attorney present during questioning and that an attorney would be appointed to represent him if he could not afford one." 917 So.2d at 406. Accordingly, the district court held that the trial court erred in failing to grant the motion to suppress. The district court noted:
We do not believe that even the most erudite or mature individual could reasonably discern with the level of understanding required by Miranda that the warning given to Jonathanthat he "had the right to an attorney"encompasses the right to have an attorney present during questioning and the right to have one appointed in the event the individual could not afford to hire one. Failure to provide these warnings to Jonathan renders the statements he made inadmissible.
*540 See id. at 409. Similarly, in Octave, the police only explained to the defendant that she had a right to counsel. See 925 So.2d at 1129. Citing Maxwell, the court reversed the trial court's denial of the motion to suppress, finding the warnings given did not apprise the defendant of her right to have a lawyer present during questioning.[9]

3. Warnings Given to Powell
The Miranda warnings given to Powell were:
You have the right to remain silent. If you give up the right to remain silent, anything you say can be used against you in court. You have the right to talk to a lawyer before answering any of our questions. If you cannot afford to hire a lawyer, one will be appointed for you without cost and before any questioning. You have the right to use any of these rights at any time you want during this interview.

Powell, 969 So.2d at 1064 (emphasis added). The inquiry is whether the failure to clearly inform the defendant of the right to the presence of counsel during custodial interrogation violates the principles espoused in Miranda. The warnings given must be sufficient to convey the rights to a person of ordinary intelligence and common understanding. See Missouri v. Seibert, 542 U.S. 600, 615-16, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004) (noting that a reasonable person in the suspect's shoes could have seen the questioning as a new and distinct experience). The State contends that the totality of the Miranda warnings read to Powell touched the bases required by Miranda and did not deprive him of any information essential to his ability to knowingly waive his privilege against self-incrimination. In contrast, Powell contends that the warnings place a limit on an unlimited right to consult counsel before, during, and after interrogation. We hold that Powell was not clearly informed of his right to have counsel present during questioning.
Under article I, section 9 of the Florida Constitution, as interpreted in Traylor v. State, a defendant has a right to lawyer's help, that is, the right to consult with a lawyer before being interrogated and to have the lawyer present during interrogation. Accord Ramirez, 739 So.2d at 573 (finding suspects must be informed that they have a right to an attorney during questioning); Sapp, 690 So.2d at 583-84 (same). The standard police department Miranda form used during the interrogation of Powell did not expressly indicate that he had the right to have an attorney present during questioning. Powell was told he had the right to talk with a lawyer before questioning and that he could use that right at any time during the interview. The right he could use during the interview was the right he was told he hadto talk with a lawyer before answering questions. This is not the functional equivalent of having the lawyer present with you during questioning. As stated in Miranda, "the right to have counsel present at the interrogation is indispensable *541 to the protection of the Fifth Amendment privilege." Thus, "the need for counsel to protect the Fifth Amendment privilege comprehends not merely a right to consult with counsel prior to questioning, but also to have counsel present during any questioning." Miranda, 384 U.S. at 469-70, 86 S.Ct. 1602.
The State contends that since the Miranda decision, the United States Supreme Court has held that Miranda did not require of or impose upon law enforcement a rigid and precise formulation of the warnings to be given to a criminal defendant. In Anderson, we also noted that "there is no talismanic fashion in which they must be read or a prescribed formula that they must follow, as long as the warnings are not misleading." 863 So.2d at 182 (emphasis added). In this case the warning was misleading. The warning said "before answering any questions." The "before questioning" warning suggests to a reasonable person in the suspect's shoes that he or she can only consult with an attorney before questioning; there is nothing in that statement that suggests the attorney can be present during the actual questioning.
The State further contends that the final warning, "You have the right to use any of these rights at any time you want during this interview," reasonably informed Powell of the right to have an attorney present during the interrogation. The Second District disagreed and found that language could not cure the deficiency because Powell was never unequivocally informed that he had the right to have an attorney present at all times during his custodial interrogation. See Powell, 969 So.2d at 1067. We agree with the Second District and hold that Powell should have been clearly informed of his right to the presence of counsel during the custodial interrogation. The catch-all language did not effectively convey to Powell his right to the presence of counsel before and during police questioning. This last sentence could not effectively convey a right the defendant was never told he had. In other words, how can a defendant exercise at any time during an interrogation a right he did not know existed? The catch-all phrase did not supply the missing warning of the right to have counsel present during police questioning because a right that has never been expressed cannot be reiterated.
Lastly the State argues that Powell had actual knowledge of his rights based on his prior dealings with law enforcement. However, in Miranda the Court disapproved of a case-by-case inquiry into whether or not a suspect was aware of the unarticulated right. The Court said:
The Fifth Amendment privilege is so fundamental to our system of constitutional rule and the expedient of giving an adequate warning as to the availability of the privilege so simple, we will not pause to inquire in individual cases whether the defendant was aware of his rights without a warning being given. Assessments of the knowledge the defendant possessed, based on information as to his age, education, intelligence, or prior contact with authorities, can never be more than speculation; a warning is a clearcut fact. More important, whatever the background of the person interrogated, a warning at the time of the interrogation is indispensable to overcome its pressures and to insure that the individual knows he is free to exercise the privilege at that point in time.
384 U.S. at 468-69, 86 S.Ct. 1602 (footnote omitted). Powell's prior dealings with law enforcement cannot substitute for adequate Miranda warnings.

4. Harmless Error
Because the erroneous admission of statements obtained in violation of Miranda *542 is subject to harmless error analysis, we next consider whether the error in this case was harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Caso v. State, 524 So.2d 422, 425-26 (Fla.1988). In order to find the error harmless, we must find that beyond a reasonable doubt the admission of the confession did not affect the jury's verdict. See Thompson v. State, 595 So.2d 16, 18 (Fla.1992) (citing Caso, 524 So.2d at 425-26); State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986).
The evidence, absent the statement, tending to connect Powell to this crime consists of the following: (1) Powell was one of at least four adults present in the apartment where the handgun was found, and (2) Powell was in the upstairs hallway coming from near the southeast corner bedroom where the loaded nine-millimeter handgun was found under a bed. The firearm was not found on Powell or within close proximity to him. There was no forensic evidence introduced about the gun or any testimony elicited from witnesses that would place the firearm in Powell's possession. Therefore, with the exception of Powell's unwarned statements, the evidence does not establish that Powell committed the crime of possession of a firearm. Therefore, we find the error is not harmless beyond a reasonable doubt.
Our decision today is not to be applied retroactively to cases that are already final on the date of this opinion. The decision made today is not new law and is not entitled to retroactive application.

CONCLUSION
Because Powell was not clearly informed of his right to the presence of counsel during the custodial interrogation, we agree with the Second District and answer the certified question in the affirmative. Thus, we also agree with the Second District that to advise a suspect that he has the right "to talk to a lawyer before answering any of our questions" constitutes a narrower and less functional warning than that required by Miranda. Both Miranda and article I, section 9 of the Florida Constitution require that a suspect be clearly informed of the right to have a lawyer present during questioning. Based on this conclusion, we approve the Second District's decision in Powell to the extent the decision is consistent with this opinion.
It is so ordered.
ANSTEAD, PARIENTE, LEWIS, and BELL, JJ., concur.
PARIENTE, J., concurs with an opinion, in which ANSTEAD and LEWIS, JJ., concur.
WELLS, J., dissents with an opinion.
PARIENTE, J., concurring.
Justice Wells expressed concerns in his dissent that our decision will "unduly and unnecessarily burden the proper investigation of crimes without meaningfully increasing a suspect's understanding of the right to counsel." The answer to these concerns is straightforward. Indeed, in this case, it is difficult to understand how informing Powell that he had a right to an attorney both before and during questioning would have impeded the investigation of the officers questioning Powell.[10]
*543 I have every faith that law enforcement agencies have the ability to administer Miranda warnings that accurately reflect the law, and most of the agencies throughout the State already have adequate warnings. The widespread use of Miranda warnings that fully inform a person of his or her right to an attorney during questioning demonstrates that this Court's decision to mandate such a warning does not "unnecessarily burden" the proper investigation of crimes, but is a minimal obligation on the part of law enforcement that ensures that the purposes of Miranda and the Fifth Amendment rights protected by Miranda are fulfilled. As for those law enforcement agencies that create new versions of the warning that might misstate the law, I would urge that the Attorney General or some other statewide law enforcement organization work to create standard Miranda forms for use by police departments throughout the state that will withstand legal scrutiny.
Also, Justice Wells concludes that the Court's holding "is at most an extreme technical adherence to language and ... has no connection with whether the person who confessed understood his or her rights." However, the adequacy of the language in a Miranda warning is directly related to an accused's awareness of his or her rights, and necessarily, his or her ability to fully understand them. In Miranda, the Supreme Court held "that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation," and "[o]nly through such a warning is there ascertainable assurance that the accused was aware of this right." 384 U.S. at 471-72, 86 S.Ct. 1602.
Many outside the judiciary might call the requirements of the Constitution, especially the Fourth and Fifth Amendments, merely "technical." But the rights guaranteed in the Bill of Rights were deemed necessary at the founding of this country to ensure the rights of all individuals. Because Fourth and Fifth Amendment issues are most often raised by a defendant in a criminal proceeding, these opinions are never "popular." However, all of us in the justice system must be ever vigilant to never sacrifice the basic values in the Constitution for the sake of expediency; otherwise, we run the risk of slowly but surely eroding the very principles that have been the foundation of this democracy. As Justice Lewis expressed in a recent opinion from this Court:
The concept that the Bill of Rights and other constitutional protections against arbitrary government are inoperative when they become inconvenient, or when expediency dictates otherwise, is a very dangerous doctrine and, if allowed to flourish, would destroy the benefit of a written Constitution and undermine the basis of our government.
Baptiste v. State, 995 So.2d 285, ___ (Fla. 2008) (quoting Reid v. Covert, 354 U.S. 1, 14, 77 S.Ct. 1222, 1 L.Ed.2d 1148 (1957)). For all these reasons, I fully concur in the majority opinion.
ANSTEAD and LEWIS, JJ., concur.
WELLS, J., dissenting.
I dissent from the decision of the majority. I would quash the decision of the Second District Court of Appeal in Powell v. State, 969 So.2d 1060 (Fla. 2d DCA 2007), and adopt the view of the seven members of the Second District in M.A.B. v. State, 957 So.2d 1219 (Fla. 2d DCA *544 2007), who would hold that the warnings given in these cases adequately advise defendants of their Miranda[11] rights.
I believe that the majority stretches the plain language of the warning given in this case and ignores the simple, straight-forward requirements for a warning set out in Miranda. The majority needlessly complicates the Miranda warning requirements to reach its conclusion that the warning read to Powell was inadequate.
The consent form used in this case specifically and plainly advised, "You have the right to talk to a lawyer before answering any of our questions." (Emphasis added.) I agree with the majority that the sufficiency of Miranda warnings must be reviewed from the perspective of "a person of ordinary intelligence and common understanding." Majority op. at 540 (citing Missouri v. Seibert, 542 U.S. 600, 615-14, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004) ("[S]ince a reasonable person in the suspect's shoes could have seen the station house questioning as a new and distinct experience, the Miranda warnings could have made sense as presenting a genuine choice whether to follow up on the earlier admission.")). However, contrary to the majority, I find that it is patently unreasonable to construe the statement at issue as conveying a meaning other than: you can talk to a lawyer before answering any of law enforcement's questions. To hold this warning inadequate under Miranda is to give only lip service to the United State Supreme Court's repeated statement that the relevant "inquiry is simply whether the warnings reasonably `conve[y] to [a suspect] his rights as required by Miranda.'" Duckworth v. Eagan, 492 U.S. 195, 203, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989) (quoting California v. Prysock, 453 U.S. 355, 361, 101 S.Ct. 2806, 69 L.Ed.2d 696 (1981)). The warning in this case stated that a suspect has a right to talk to an attorney before answering any question. I would find that the use of the phrase "any of our questions" was sufficient to "reasonably convey" to a person of ordinary intelligence that he or she had a right to talk to an attorney at any point during the interrogation. It is unreasonable to conclude that the broad, unqualified language read to Powell would lead a person of ordinary intelligence to believe that he or she had a limited right to consult with an attorney that could only be exercised before answering the first question posed by law enforcement.
In addition, I agree with the plurality from M.A.B. that the final sentence of the warnings used in these cases ensures that the Miranda warning "avoids the implicationunreasonable as it may bethat advice concerning the right of access to counsel before questioning conveys the message that access to counsel is foreclosed during questioning." M.A.B., 957 So.2d at 1227. This final sentence informs suspects, "You have the right to use any of these rights at any time you want during this interview." The previously listed rights consist of the right to remain silent, the right to talk to a lawyer before answering any questions, and the right to have an attorney appointed without cost before any questioning. Again, I find that it is patently unreasonable to conclude that a person of ordinary intelligence would interpret this invitation to use "any of these rights at any time you want during this interview" (emphasis added) to mean that the right to talk with counsel could only be invoked before answering the first question posed by law enforcement. The totality of the warning reasonably conveyed to Powell his continuing right of access to counsel.
*545 Finally, I do not join the majority's decision because it expands upon the Miranda warning criteria set by the Supreme Court, resulting in an extreme, unworkable application of the Miranda decision. This needless complication is contrary to the spirit of the Supreme Court's decision, in which it stated that the "limits we have placed on the interrogation process should not constitute an undue interference with a proper system of law enforcement." 384 U.S. at 481, 86 S.Ct. 1602. The majority's decision to require overly detailed Miranda warnings will unduly and unnecessarily burden the proper investigation of crimes without meaningfully increasing a suspect's understanding of the right to counsel. Additionally, it will result in reversing the convictions of individuals who have confessed to crimes based upon a holding that is at most an extreme technical adherence to language and that has no connection with whether the person who confessed understood his or her rights.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] This Court explained that "help" means "the suspect has the right to consult with a lawyer before being interrogated and to have the lawyer present during interrogation." Traylor, 596 So.2d at 966 n. 13.
[3] One of the police officers involved in the Miranda case testified at trial that he did not tell the defendant that anything he said could be used against him or that he had the right to consult with a lawyer. See 384 U.S. at 492 n. 66, 86 S.Ct. 1602.
[4] Under similar circumstances other federal circuits have held the warnings adequate. See, e.g., United States v. Caldwell, 954 F.2d 496, 504 (8th Cir.1992) (noting that the general warning could not have misled the defendant into believing that an attorney could not be present during questioning); United States v. Anthon, 648 F.2d 669, 674 (10th Cir.1981) (holding that the warnings were adequate even though defendant "was not advised of the right to have counsel present during questioning and the right to stop the questioning at any time"); United States v. Adams, 484 F.2d 357, 361-62 (7th Cir.1973) (holding that the Miranda warnings were satisfactory even though the warnings did not inform the suspect specifically of his right to have an attorney present during questioning).
[5] Judge Canady's concurring opinion sets forth some case law from other courts that address this issue and that are consistent with the court's ultimate affirmance of the trial court's denial of the motion to suppress. See United States v. Vanterpool, 394 F.2d 697, 699 (2d Cir. 1968); United States v. Anderson, 394 F.2d 743, 746-47 (2d Cir. 1968); State v. Arnold, 9 Or.App. 451, 496 P.2d 919, 922-23 (1972).
[6] The Fourth District held similarly in Martin v. State, 921 So.2d 697 (Fla. 4th DCA 2006) (holding warning constitutionally defective because it did not advise the defendant of the right to counsel during questioning); Ripley v. State, 898 So.2d 1078 (Fla. 4th DCA 2005) (finding at that time Broward County Sheriff's Office standard warnings defective because warnings did not advise of right to have counsel present during questioning); Bross v. State, 898 So.2d 1027 (Fla. 4th DCA 2005) (reversing conviction because Miranda warnings did not inform the defendant of the right to have counsel present during questioning); Cook v. State, 896 So.2d 885 (Fla. 4th DCA 2005) (warning that advises the defendant of the right to talk to an attorney and have an attorney present before any questioning did not advise defendant of the right to have counsel present during questioning); Dendy v. State, 896 So.2d 800 (Fla. 4th DCA 2005) (finding at that time Broward County Sheriff's Office standard warnings did not advise the defendant of the right to have counsel present during questioning).
[7] The court, after finding the motion to suppress should have been granted, engaged in a harmless error analysis and found the error was not harmless beyond a reasonable doubt.
[8] We note that the Fourth District in Canete v. State, 921 So.2d 687 (Fla. 4th DCA 2006) (en banc), distinguished the warnings given in that case from the warnings given in Roberts by opining that the defendant was not misled by the warnings.
[9] Recently, in State v. Modeste, 987 So.2d 787 (Fla. 5th DCA 2008) (en banc), the Fifth District receded from its previous holding in Maxwell and Octave. See Modeste, 987 So.2d at 790. Specifically, the court receded from its previous holding that a Miranda warning is inadequate when the suspect is not expressly advised that the right to counsel includes the right to have counsel present during custodial interrogation. See Modeste, 987 So.2d at 790. The Fifth District concluded that while the language in Miranda might indicate that a suspect must be expressly advised of the right to have counsel present during questioning, a close reading of Miranda strongly suggests a contrary conclusion. See Modeste, 987 So.2d at 790 (citing M.A.B. v. State, 957 So.2d 1219, 1222-27 (Fla. 2d DCA 2007) (Canady, J., concurring), review granted, 962 So.2d 337 (Fla. 2007)).
[10] A proper Miranda warning in this case could have been as simple as the following:

You have the right to remain silent. If you give up the right to remain silent, anything you say can be used against you in court. You have the right to talk to a lawyer before answering any of our questions and at any time during questioning. If you cannot afford to hire a lawyer, one will be appointed for you without cost and before any questioning. You have the right to use any of these rights at any time you want during this interview.
(Additions in bold.)
[11] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).