WELLS, J.,
dissenting.
I join Justice Canady’s dissenting opinion and believe, as I have previously written, that the majority was in error in State v. Powell, 998 So.2d 531 (Fla.2008). It is my view that this case is an example of why strict adherence to technical readings of Miranda rights forms can bring about an unreasonable and unnecessary result. Here, the tape of the police interview of Rigterink plainly shows to me that Rigter-ink was so intent on talking to the police officers in his effort to convince the police of his story that he paid no attention to what the Miranda warning said. Thus, language used in the warning made no difference in this case. Simply the substance of what actually happened should prevail over the form of the Miranda warning.
In addition to Justice Canady’s point and my view of the effect of the form in this case, I dissent for two other reasons in respect to the defendant’s confession. First, I find no error in the trial court’s factual determination that in considering the totality of the circumstances, the October 16, 2003, encounter was noncustodial. The defendant came to the police substation voluntarily. Rigterink talked to the police voluntarily, and the obvious reason from the record that he did so was that the defendant believed that he could convince the police that he was not involved in the murders. The defendant was not told while he was talking to the police that he could not leave. I would find this situation analogous to the one in Fitzpatrick v. State, 900 So.2d 495, 511 (Fla.2005). The trial judge set out her findings in detail in her order denying the motion to suppress, and I would affirm her order. This Court *261 has specifically held that a trial judge’s findings as to whether a suspect was in custody is clothed with a presumption of correctness. Caso v. State, 524 So.2d 422, 424 (Fla.1988). I would respect this Court’s precedent.
Second, even assuming that the trial judge erred in her findings as to the defendant not being in custody and accepting Powell as the applicable law, I would find that any error was harmless beyond a reasonable doubt. We have held that Miranda violations are subject to harmless error analysis. Caso, 524 So.2d at 425; see also Right v. State, 512 So.2d 922, 926 (Fla.1987). Here, I conclude that the other evidence in the record establishes Rig-terink’s guilt beyond a reasonable doubt. Among the facts proven was that just thirty minutes before the murder, Rigterink called one of the victims to confirm that the victim had a new supply of marijuana for sale. Rigterink had no money with which to purchase drugs. Two witnesses described the victim’s attacker consistent with Rigterink. The victim’s blood was consistent with blood found in the truck that Rigterink drove the day of the murders. DNA consistent with Rigterink’s was found under the fingernails of one of the victims who was brutally attacked. Rigterink’s bloody fingerprints were found at the scene. Rigterink made changes to his appearance shortly after the murders. Rigterink’s explanation at trial for his fingerprints being at the scene was completely implausible.