CANADY, J.,
dissenting.
I dissent from the reversal of Rigter-ink’s convictions and sentences. I agree with the majority’s analysis of the issues which the majority concludes lack merit. I disagree, however, with the majority’s analysis of Rigterink’s Miranda[34] claim. I recognize that State v. Powell, 998 So.2d 531 (Fla. 2008), supports the conclusion that the warning given to Rigterink was defective, but I conclude that the Court should recede from this recent precedent. I would conclude that the Miranda warning given to Rigterink was not defective and that the admission of Rigterink’s statement was therefore not erroneous.
In People v. Wash, 6 Cal.4th 215, 24 Cal.Rptr.2d 421, 861 P.2d 1107, 1118 (1993), the California Supreme Court considered a challenge to the sufficiency of a Miranda warning which contained the statement, “[Y]ou have the right to have an attorney present before any questioning.” (Emphasis added.) The defendant contended that the warning was defective because it “failed to inform him that he was entitled to counsel during questioning.” Id. (emphasis added). Rejecting this argument, the court held: “[W]e are not persuaded — as defendant’s argument implies — that the language [of the warning] was so ambiguous or confusing as to lead defendant to believe that counsel would be provided before questioning, and then summarily removed once questioning began.” Id. at 1118-19.
Other decisions have also upheld the validity of Miranda warnings that advise of the right of access to counsel before questioning without explicit reference to access to counsel during questioning. See United States v. Anderson, 394 F.2d 743, 746-47 (2d Cir.1968); United States v. Vanterpool, 394 F.2d 697, 699 (2d Cir.1968); State v. Arnold, 9 Or.App. 451, 496 P.2d 919, 922-23 (1972); but see United States v. Noti, 731 F.2d 610, 614 (9th Cir.1984); Windsor v. United States, 389 F.2d 530, 533 (5th Cir.1968).
The analysis employed in Wash and similar cases is consistent with the principle *262 articulated by the Supreme Court that the proper inquiry in evaluating the sufficiency of Miranda warnings is “whether the warnings reasonably ‘convefy] to [a suspect] his rights as required by Miranda.’ ” Duckworth v. Eagan, 492 U.S. 195, 203, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989) (alteration in original) (quoting California v. Prysock, 453 U.S. 355, 361, 101 S.Ct. 2806, 69 L.Ed.2d 696 (1981)). The warning given in this case did reasonably convey to Rigterink his right of access to counsel as required by Miranda.
In short, the words “prior to questioning” in the warning can only reasonably be understood in context as denoting the point of commencement of the right to have counsel present — not the point of termination of that right. As the Wash court recognized, a defendant could not reasonably understand the warning as suggesting that at his request an attorney would be summoned to the scene of an impending interrogation, only to be sent away once the interrogation began. Instead, the advice that counsel is available “prior to questioning” is naturally understood as conveying the idea that no question can be asked until requested counsel is available to assist the defendant in the course of the interrogation.
Although I acknowledge that we should not recede cavalierly from our precedents, I conclude that given the serious implications of the Powell decision for the administration of justice and given the absence of any reliance interests, we should not adhere to Powell. See Payne v. Tennessee, 501 U.S. 808, 827-30, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991). Accordingly, I would adopt the view of the California Supreme Court in Wash with respect to the sufficiency of the Miranda warning, reject Rigterink’s claim that the warning given to him was defective, and affirm his convictions and sentences.
WELLS, J., concurs.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).