NORTHCUTT, Chief Judge.
 

 The circuit court granted Darryl Smith’s motion to suppress in reliance on this court’s decision in
 
 Powell v. State,
 
 969 So.2d 1060 (Fla. 2d DCA 2007),
 
 approved,
 
 998 So.2d 531 (Fla.2008). However, the
 
 Miranda
 
 warning given in this case materially differed from the warning at issue in
 
 Powell.
 
 Therefore, we reverse.
 

 As explained by this court and the Florida Supreme Court in their respective
 
 Powell
 
 decisions, the
 
 Miranda
 
 warning given to Kevin Powell was constitutionally deficient because it did not convey his right to the presence of an attorney
 
 during
 
 questioning. Rather, Powell was told that he had the right to talk to a lawyer
 
 before
 
 answering questions. 998 So.2d at 541. This instruction was misleading because “[t]he ‘before questioning’ warning suggests to a reasonable person in the suspect’s shoes that he or she can only consult with an attorney before questioning; there is nothing in that statement that suggests the attorney can be present during the actual questioning.”
 
 Id.
 
 at 541. Although Powell was also told that he could use his rights during the interview, this portion of the warning “could not cure the deficiency because Powell was never unequivocally informed that he had the right to have an attorney present at all times during his custodial interrogation.”
 
 Id.
 
 at 541.
 

 In this case, however, Smith was told: “You have the right to the presence of an attorney.” Nothing Smith was told suggested that his right to the presence of an attorney was limited to the period “before questioning.” Therefore, this case is distinguishable from
 
 Powell
 
 and more akin to
 
 Graham v. State,
 
 974 So.2d 440 (Fla. 2d DCA 2007),
 
 review denied,
 
 984 So.2d 1250 (Fla.2008), which distinguished
 
 Powell
 
 because the warning given to Wilson Graham advised “that Graham had the right to the presence of an attorney and did not include any timeframe limitation.” 974 So.2d at 440. In fact, the supreme court cited
 
 Graham
 
 and noted this distinction in
 
 Powell,
 
 998 So.2d at 541. Accordingly, we reverse the order granting the motion to suppress.
 

 Reversed and remanded.
 

 SILBERMAN and LaROSE, JJ., Concur.