PER CURIAM.
 

 We have for review
 
 State v. Modeste,
 
 987 So.2d 787 (Fla. 5th DCA 2008) (en banc), in which the Fifth District Court of Appeal certified conflict with the Fourth District Court of Appeal’s decisions in
 
 West v. State,
 
 876 So.2d 614 (Fla. 4th DCA 2004), and
 
 Roberts v. State,
 
 874 So.2d 1225 (Fla. 4th DCA 2004), in holding that the subject
 
 Miranda
 

 *
 

 warnings adequately ad
 
 *1218
 
 vised of the right to have counsel present during interrogation. In so holding, the Fifth District Court further recognized that its conclusion on this issue may be in conflict with the Second District Court of Appeal’s decision in
 
 Powell v. State,
 
 969 So.2d 1060 (Fla. 2d DCA 2007),
 
 approved,
 
 998 So.2d 531 (Fla.2008). At the time the Fifth District Court issued its decision in
 
 Modeste, Powell
 
 was pending review in this Court. We have jurisdiction.
 
 See
 
 art. V, § 3(b)(3)-(4), Fla. Const.;
 
 Jollie v. State,
 
 405 So.2d 418 (Fla.1981).
 

 In
 
 Powell,
 
 we addressed the following question certified by the Second District Court to be of great public'importance:
 

 DOES THE FAILURE TO PROVIDE EXPRESS ADVICE OF THE RIGHT TO THE PRESENCE OF COUNSEL DURING QUESTIONING VITIATE
 
 MIRANDA
 
 WARNINGS WHICH ADVISE OF BOTH (A) THE RIGHT TO TALK TO A LAWYER “BEFORE QUESTIONING” AND (B) THE “RIGHT TO USE” THE RIGHT TO CONSULT A LAWYER “AT ANY TIME” DURING QUESTIONING?
 

 State v. Powell,
 
 998 So.2d 531, 532 (Fla.2008) (footnote omitted). We answered the question in the affirmative and approved the Second District Court’s underlying
 
 Powell
 
 decision, holding that “[b]oth
 
 Miranda
 
 and article I, section 9
 
 of
 
 the Florida Constitution require that a suspect be clearly informed of the right to have a lawyer present during questioning.”
 
 Powell,
 
 998 So.2d at 542. We thus issued an order directing respondent in the present case to show cause why we should not exercise jurisdiction, quash the Fifth District Court’s
 
 Modeste
 
 decision, and remand for reconsideration in light of our decision in
 
 Powell.
 
 Respondent in its response “agrees that this case should be remanded to the Fifth District Court of Appeal for additional consideration,” and petitioner in his reply accordingly “requests that the decision of the District Court be quashed re [sic] the authority of
 
 [Powell].”
 

 We have therefore determined to exercise jurisdiction and grant the petition for review in the present case. The decision under review is quashed, and this matter is remanded to the Fifth District Court for reconsideration upon application of this Court’s decision in
 
 Powell.
 
 Petitioner’s petition to lift stay is accordingly denied as moot, as are respondent’s motion to file amended jurisdictional brief and motion to accept as timely filed.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, POLSTON, and LABARGA, JJ., concur.
 

 CANADY, J., dissents.
 

 *
 

 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).