NORTHCUTT, Chief Judge.
A jury convicted James Jackson of attempted murder and armed robbery with a firearm. After the verdict was returned he pleaded guilty to the charge of felon in possession of a firearm. On appeal, Jackson raises several challenges to his convictions after trial. First he complains that the trial court restricted his cross-examination of a witness. We affirm that point without further discussion. He also maintains that the jury panel was tainted when some members of the venire saw him in handcuffs before jui’y selection began. We find no merit in this argument. Moreover, it is rendered moot by our resolution of Jackson’s third point on appeal — a challenge based on the erroneous admission of evidence obtained in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). On that ground, we reverse and remand for a new trial in accordance with this opinion.
After Jackson was arrested for the charged crimes, he was questioned twice, each time by a different Tampa police detective. He made admissions about the crimes in both interviews. Before Jackson’s first interview, the detective read him the Miranda warnings from a standard form used by the Tampa Police Department. This form included the statement that: “You have the right to talk to a lawyer before answering any of our questions.” It further advised: “And you have the right to use any of these lights at any time during this interview.” The detective who conducted the second interview also read Jackson the Miranda warnings, but he deviated from the form statement and told Jackson he had the right to talk to a lawyer “before and during any of our questioning.” Jackson filed a motion to suppress seeking to preclude the introduction of his statements at trial.
The Florida Supreme Court recently addressed the form Miranda warnings *1289 given by the first detective in State v. Poivell, 998 So.2d 531, 540 (Fla.2008). It held that the form language was insufficient to apprise a suspect of his right to the presence of counsel before and during police questioning. Id. Thus, in this case the admissions that Jackson made in the first interview were erroneously allowed into evidence in violation of Miranda. See id. at 541. We have examined the record and determined that the error was not harmless.
The statements Jackson made during his second interview were, however, properly admitted. Before the interview, the detective read Jackson a modified version of the form Miranda warning, which properly advised Jackson that he could speak with a lawyer “during” questioning. As such, the warning was sufficient under Poivell.
We reverse Jackson’s convictions for attempted murder and armed robbery with a firearm, and we remand for a new trial. At the new trial, Jackson’s statements to the first officer may not be introduced into evidence.
SILBERMAN and KELLY, JJ., Concur.