PARIENTE, J.,
dissenting.
When the United States Supreme Court in Florida v. Powell, — U.S. -, 130 S.Ct. 1195, 175 L.Ed.2d 1009 (2010), reversed our decision in State v. Powell, 998 So.2d 531 (Fla.2008), the Court expressly stated that “[n]othing in our decision today, we emphasize, trenches on the Florida Supreme Court’s authority to impose, based on the State’s Constitution, any additional protections against coerced confessions it deems appropriate.” 130 S.Ct. at 1203. I agree with Justice Quince’s dissent that it is appropriate and in keeping with this Court’s interpretation of Florida’s independent state constitutional right that we require specific warnings that expressly inform suspects of their right to an attorney before and during questioning. For that reason, I have joined in her dissenting opinion.
I write separately to urge law enforcement throughout this state to adopt standard warnings that specifically inform suspects of their right to an attorney before and during questioning. The majority of law enforcement agencies have already done so, and it is good law enforcement *911 practice to make sure that the warnings are as clear as possible.
While the United States Supreme Court in Powell observed that the warnings given by the Tampa police to Powell were not deficient under the Federal Constitution, the Court also recognized that the warnings were not “the clearest possible formulation of Miranda’s right-to-counsel advisement.” 130 S.Ct. at 1205. The Court pointed to the following warnings as “exemplary”:
The standard warnings used by the Federal Bureau of Investigation are exemplary. They provide, in relevant part: “You have the right to talk to a lawyer for advice before we ask you any questions. You have the right to have a lawyer with you during questioning.”
Id. at 1206.
It is a worthwhile goal that does not cost any money for law enforcement agencies in this state to have the “clearest possible” formulation of Miranda’s advisement of constitutional rights. I would urge the Attorney General in conjunction with the state attorneys, Florida Highway Patrol, sheriffs, police chiefs, and any other law enforcement agencies to promulgate a standard form and to encourage law enforcement throughout the state to use the form pointed to by the United States Supreme Court so that we have an “exemplary” warning that would leave no doubt that a suspect was properly advised of his or her rights under both the Federal and Florida Constitutions.
QUINCE, J., concurs.