QUINCE, J.,
dissenting.
As in Rigterink v. State, 66 So.3d 866 (Fla.2011), I respectfully dissent because I conclude that the warnings in this case failed to meet the requirements of the Florida Constitution. We recognized in Traylor v. State, 596 So.2d 957, 962 (Fla.1992), that “[w]hen called upon to decide matters of fundamental rights, Florida’s state courts are bound under federalist principles to give primacy to our state Constitution and to give independent legal import to every phrase and clause contained therein.” We also explained that “the Self-Incrimination Clause of Article I, Section 9, Florida Constitution, requires that prior to custodial interrogation in Florida suspects must be told ... that they have a right to a lawyer’s help.” Id. at 966. Traylor explicitly states that this right “means that the suspect has the right to consult with a lawyer before being interrogated and to have the lawyer present during interrogation.” Id. at 966 n. 13. Thus, under the Florida Constitution a suspect has a greater right than that afforded under the Fifth Amendment.
In this case, however, Powell was not informed that he had the right to have a lawyer with him in the interrogation room during questioning. He was informed only that he had “the right to talk to a lawyer before answering any of [the officers’] questions.” State v. Powell, 998 So.2d 531, 532 (Fla.2008) (emphasis added). The clear insufficiency of this warning is not amended by the catch-all language informing the respondent that he had “the right to use any of these rights at any time ... during this interview.” Id. As we explained in our previous decision in this case, “The catch-all phrase did not supply the missing warning of the right to have counsel present during police questioning because a right that has never been expressed cannot be reiterated.” Id. at 541.
Notwithstanding the decision of the United States Supreme Court in Florida v. Powell, — U.S. -, 130 S.Ct. 1195, 175 L.Ed.2d 1009 (2010), we cannot ignore our independent obligation to review all pre-interrogation warnings to determine whether they satisfy the requirements of our state Constitution. See Rigterink v. *912 State, 2 So.3d 221, 241 (Fla.2009) (explaining that in the context of the rights afforded by article I, section 9, “the federal Constitution sets the floor, not the ceiling, and this Court retains the ability to interpret the right against self-incrimination afforded by the Florida Constitution more broadly than that afforded by its federal counterpart”). Here, where the warnings failed to meet the requirements of article I, section 9 of the Florida Constitution, as set out in Traylor, the trial court erred in allowing Powell’s statements to be used against him at trial. For that reason, I conclude that the proper result in this case is for this Court to once again approve the decision of the Second District.
PARIENTE, J., concurs.