CASANUEVA, Chief Judge.
 

 The State appeals the trial court’s order granting motions to suppress filed by defendants Dominick Lavdeah Fletcher and Rodney Lewis Lee. We reverse.
 

 The defendants’ motions raised two grounds for suppression of their custodial statements to police. First, they claimed they received faulty Miranda
 
 [1]
 
 warnings because officers did not adequately inform them of their right to the presence of an attorney both before and during questioning. Second, the defendants claimed that their statements “were a product of deceit, coercion and duress, therefore involuntary and illegal.” The trial court declined to address the second ground, finding that the warning given to the defendants did not satisfy the requirements of
 
 Miranda
 
 as explained in this court’s opinion of
 
 Powell v. State,
 
 969 So.2d 1060 (Fla. 2d DCA 2007).
 
 [2]
 

 
 *1041
 
 In
 
 Powell,
 
 Mr. Powell was given
 
 Miranda
 
 warnings that informed him only that he had the right to talk to a lawyer
 
 before
 
 answering any questions.
 
 State v. Powell,
 
 998 So.2d 531, 541 (Fla.2008). This court and the Florida Supreme Court explained in their respective
 
 Powell
 
 decisions that such an instruction did not satisfy
 
 Miranda
 
 because it could mislead a suspect to believe that he did not have a right to the advice and counsel of an attorney
 
 during
 
 questioning.
 
 Id.
 

 However, Mr. Fletcher and Mr. Lee signed “Warnings to Suspects” cards which state, “You have the right to the presence of an attorney.” This unrestricted warning is distinguished from the one given in
 
 Powell
 
 and identical to language recently approved by this court in
 
 State v. Smith,
 
 6 So.3d 652, 653 (Fla. 2d DCA 2009) (holding that the statement satisfied the constitutional requirements set forth in
 
 Miranda
 
 because it did not limit the time during which the defendant could exercise his right to counsel).
 
 See also Graham v. State,
 
 974 So.2d 440 (Fla. 2d DCA 2007),
 
 review denied,
 
 984 So.2d 1250 (Fla.2008) (same).
 

 Accordingly, we reverse the trial court’s order. On remand, the trial court shall consider the other ground raised in the defendants’ motions to suppress.
 

 Reversed and remanded.
 

 ALTENBERND and VILLANTI, JJ., Concur.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
 

 [2]
 

 . In
 
 State
 
 v.
 
 Powell,
 
 998 So.2d 531 (Fla.2008), the Florida Supreme Court approved this court’s opinion. The U.S. Supreme Court has since granted certiorari review and the case remains pending.
 
 See Florida v. Powell,
 
 — U.S. -, 129 S.Ct. 2827, 174 L.Ed.2d 551 (2009).